# STIPULATION AND AGREEMENT OF SETTLEMENT

## TABLE OF CONTENTS

Page

I.      RECITALS .................................................................................................1

II.     DEFINITIONS ..........................................................................................3

III.    TERMS OF THE SETTLEMENT ...........................................................7

IV.     RELEASE AND DISMISSAL ................................................................19

V.      NOTICE AND SETTLEMENT ADMINISTRATION .............................23

VI.     DISPUTE RESOLUTION ......................................................................25

VII.    PRELIMINARY APPROVAL ORDER AND FINAL FAIRNESS
        HEARING...............................................................................................26

VIII.   FINAL APPROVAL OF SETTLEMENT AND OTHER CONDITIONS 29

IX.     TERMINATION OF SETTLEMENT .......................................................30

X.      MISCELLANEOUS PROVISIONS..........................................................31

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement ("Agreement") is entered into by and between Defendants Sequoia Capital Operations, LLC; Sequoia Capital Franchise Partners, L.P.; Sequoia Capital IX, L.P.; Sequoia Capital Growth Fund III, L.P.; Sequoia Capital Entrepreneurs Annex Fund, L.P.; Sequoia Capital Growth III Principals Fund, LLC; Sequoia Capital Franchise Fund, L.P.; SCFF Management, LLC; SC IX.I Management, LLC; SCGF III Management, LLC; and Sequoia Capital Growth Partners III, L.P. ("Sequoia Defendants"), TCV V, L.P.; TCV Member Fund L.P.; Technology Crossover Management V, LLC ("TCV Defendants"), and National Credit Adjusters, LLC ("NCA"), collectively "Settling Defendants" on the one hand, and Plaintiffs Darlene Gibbs, Stephanie Edwards, Lula Williams, Patrick Inscho, Lawrence Mwethuku, George Hengle, Tamara Price, Sherry Blackburn, Kimetra Brice, Earl Browne, Jill Novorot, Alicia Patterson, Sharon Burney, Regina Nolte, Ronald Ivey, Jessica Lewis, Lorene Nelson, Timothy Underwood, and Sharon Gorie ("Plaintiffs") on behalf of themselves and all other similarly situated individuals, and as representatives of the Settlement Class, as these terms are defined in Section II.

### I.    RECITALS

The following recitals are material terms of this Agreement, and all capitalized terms are used as defined in Section II, below, except as otherwise defined herein. This Agreement is made in contemplation of the following facts and circumstances.

WHEREAS, on October 4, 2018, Darlene Gibbs, Stephanie Edwards, Lula Williams, Patrick Inscho and Lawrence Mwethuku filed a class action complaint against Sequoia Capital Operations, LLC, and other unaffiliated defendants, and then, with Plaintiffs George Hengle, Tamera Price and Sherry Blackburn filed an Amended Complaint adding Sequoia Capital

2

Franchise Partners, L.P., Sequoia Capital IX, L.P., Sequoia Capital Growth Fund III, L.P., Sequoia Entrepreneurs Annex Fund, L.P., Sequoia Capital Growth III Principals Fund, LLC, Sequoia Capital Franchise Fund, L.P., and Sequoia Capital Growth Partners III, L.P., in the Eastern District of Virginia, Civil Action No. 3:18-cv-676 (*Gibbs, et al. v. Stinson, et al.*);

WHEREAS, on March 21, 2019, Plaintiffs Kimetra Brice, Earl Browne and Jill Novorot filed a class action complaint against Sequoia Capital Operations, LLC, Sequoia Capital Franchise Partners, L.P., Sequoia Capital IX, L.P., Sequoia Capital Growth Fund III, L.P., Sequoia Entrepreneurs Annex Fund, L.P., Sequoia Capital Growth III Principals Fund, LLC, Sequoia Capital Franchise Fund, L.P., and Sequoia Capital Growth Partners, L.P., and other non-settling defendants in the United States District Court for the Northern District of California, Civil Action No. 3:19cv1481 (*Brice, et al. v. Stinson, et al.*);

WHEREAS, on October 24, 2019, Plaintiffs Darlene Gibbs, Stephanie Edwards, Lula Williams, Patrick Inscho and Lawrence Mwethuku filed a class action complaint against TCV V, L.P., and John Doe Nos. 1-15 in the Eastern District of Virginia, Civil Action No. 3:18-cv-789 (*Gibbs, et al. v. TCV V, LP, et al.*);

WHEREAS, on April 16, 2020, Plaintiffs Ronald Ivey, Jessica Lewis, Lorene Nelson and Timothy Underwood filed a class action complaint against NCA, in the United States District Court for the Eastern District of Virginia, Civil Action No. 3:20cv274 (*Ivey, et al. v. NCA*);

WHEREAS Plaintiffs have defended multiple motions by some Defendants challenging jurisdiction, seeking to compel arbitration and otherwise disputing the Plaintiffs' claims, and Plaintiffs have as to some Defendants defended and opposed an appeal to the Fourth Circuit;

WHEREAS, the Actions alleged various class claims for violations of various state and federal laws;

3

WHEREAS, Settling Defendants deny any and all claims alleged by Plaintiffs in the Actions, and further deny that any Plaintiffs or any members of the Settlement Class they purport to represent have suffered any injury or damage;

WHEREAS, Plaintiffs and Class Counsel have conducted an investigation of the legal claims at issue, by review and analysis of documents that Settling Defendants provided either in discovery and/or during settlement negotiations;

WHEREAS, Plaintiffs and Class Counsel have reviewed and processed, for the claims here, hundreds of thousands of pages of documents in the original claims brought against Think Finance and other now-settled parties, which documents formed the basis for Plaintiffs' allegations in the Actions;

WHEREAS, Plaintiffs and Class Counsel have concluded that it would be in the best interests of the Settlement Class to enter into this Agreement in order to avoid the uncertainties of litigation and to assure benefits to the Settlement Class and that the settlement contemplated hereby is fair, reasonable, and adequate and in the best interests of all members of the Settlement Class;

WHEREAS, Settling Defendants expressly deny all allegations of wrongdoing and liability, and have asserted or would assert numerous defenses, but nevertheless desire to settle the Actions finally on the terms and conditions set forth herein solely for the purposes of avoiding the burden, expense, and uncertainty of continuing litigation, and to obtain the conclusive and complete dismissal of the Actions and release of all Released Claims;

WHEREAS, Plaintiffs and Class Counsel have had numerous and exhaustive bilateral settlement negotiations with Settling Defendants' counsel;

WHEREAS, the Parties understand, acknowledge, and agree that the execution of this Agreement constitutes the settlement and compromise of disputed claims that have been or could

4

be brought by or on behalf of Plaintiffs or the Settlement Class relating to the conduct at issue in the Actions. This Agreement is inadmissible as evidence against any party except to enforce the terms of the Settlement and is not an admission of wrongdoing or liability on the part of any party to this Agreement; and

WHEREAS, the Parties, having now reached a settlement of the Actions, will ask each respective court to consolidate and stay litigation as necessary to effectuate this Settlement;

NOW, THEREFORE, in consideration of the promises and agreements set forth herein, it is hereby STIPULATED AND AGREED, subject to the District Court's approval, that the Actions below have been resolved upon and subject to the following terms and conditions:

## II.    **DEFINITIONS**

2.1    "Actions" means the following cases:

| Style | Court | Case No. |
|-------|-------|----------|
| *Brice, et al. v. Stinson et al.* | N.D. Ca. | 3:19-cv-1481 |
| *Gibbs, et al. v. Stinson, et al.* | E.D. Va. | 3:18-cv-676 |
| *Gibbs, et al. v TCV, V L.P.* | E.D. Va. | 3:19-cv-789 |
| *Ivey, et al. v. NCA* | E.D. Va. | 3:20-cv-274 |

2.2    "CAFA Notice" refers to the notice made pursuant to the requirements imposed by 28 U.S.C. § 1715(b).

2.3    "Cash Award" means a cash payment to an eligible Settlement Class Member pursuant to Section 3.4(b).

2.4    "Class Counsel" means Kelly Guzzo PLC, Consumer Litigation Associates, P.C., and Tycko and Zavaeeri, LLP.

2.5    "Direct Notice" means the notice that will be provided pursuant to Sections 5.3(a) and 5.3(b), subject to approval by the District Court, substantially in the form attached hereto as

5

"Exhibit 1."

    2.6   "District Court" means the United States District Court for the Eastern District of Virginia.

    2.7   "Effective Date" means the date that the Judgment becomes final for all purposes because either (i) the Final Approval Order has been entered and no objection was lodged; (ii) the Final Approval Order has been entered and no appeal has been filed in accordance with Fed. R. App. P. 4(a) and the time within which an appeal may be noticed and filed has lapsed; or (iii) if a timely appeal has been filed, the appeal is finally resolved, with no possibility of further appellate or other review, resulting in final judicial approval of this Settlement.

    2.8   "Escrow Account" means the bank account into which Settling Defendants will cause the Settlement Fund to be deposited.

    2.9   "Final Approval Order" means the Final Approval Order and Judgment to be entered by the District Court in the Action finally approving this Settlement and resolving all issues between the Parties, as provided for in Section VIII below.

    2.10  "Final Fairness Hearing" means the hearing at which the District Court will consider and finally decide whether to approve this Settlement, enter Judgment, and make such rulings as are contemplated by this Settlement.

    2.11  "Internet Notice" means notice through the Internet website created pursuant to Section 5.3(b) of this Agreement.

    2.12  "Litigation Trust" shall refer to the trust established by the United States Bankruptcy Court for the Northern District of Texas as part of the resolution of consumer borrower litigation in *In re Think Finance, LLC,* Case No. 17-33964 to, among other things, (i) provide Class Notice to Settlement Class Members, (ii) pay Cash Awards to Settlement Class Members and other

6

consumer borrowers pursuant to the Global Settlement, and (iii) fund prosecution of Causes of Action to increase the amount in the Litigation Trust, as set forth in the Global Settlement.

2.13 "Named Plaintiffs" means Lula Williams, Darlene Gibbs, Stephanie Edwards, Patrick Inscho, Lawrence Mwethuku, George Hengle, Tamara Price, Sherry Blackburn, Kimetra Brice, Earl Browne, Jill Novorot, Alicia Patterson, Sharon Burney, Regina Nolte, Ronald Ivey, Jessica Lewis, Lorene Nelson, Sharon Gorie, and Timothy Underwood.

2.14 "NCOA" means the United States Postal Service's National Change of Address database.

2.15 "Parties" means Sequoia Defendants, TCV Defendants, NCA, Plaintiffs, and the Settlement Class.

2.16 "Payment Class Members" means those Settlement Class Members who made a payment to NCA after April 16, 2019.

2.17 "Plaintiffs" means the Named Plaintiffs, individually and as representatives of the Settlement Class.

2.18 "Preliminary Approval Order" means an order to be entered by the District Court, as provided for in Section 7.1 below, substantially in the form attached hereto as "Exhibit 2."

2.19 "Purchased Debt" means all loans made to any Settlement Class Member and purchased by NCA after being originated by Great Plain Lending, LLC ("Great Plains"), Plain Green, LLC ("Plain Green") and/or MobiLoans, LLC ("MobiLoans") and owned by NCA as of April 16, 2019.

2.20 "Released Claims" means the claims released by this Agreement as set forth in Section IV.

2.21 "Released Parties" means the Sequoia Defendants, the TCV Defendants, and

7

NCA. "Released Parties" also includes the Sequoia Released Parties, the TCV Released Parties and the NCA Released Parties as defined in Section 4.1 of this Agreement. Further, "Released Parties" shall not include any defendant currently named in any of the Actions that is not a Sequoia Defendant, a TCV Defendant, or NCA.

2.22 "Settlement" means the settlement set forth in this Stipulation and Agreement of Settlement.

2.23 "Settlement Administrator" shall refer to RSM, LLP.

2.24 "Settlement Class" means all persons within the United States to whom Great Plains Lending has lent money; all persons within the United States to whom Plain Green lent money prior to June 1, 2016; and all persons within the United States to whom MobiLoans lent money prior to May 6, 2017.

2.25 "Settlement Class Member" means a person in the Settlement Class who does not timely submit a valid request for exclusion from the Settlement Class.

2.26 "Settlement Fund" means the total sum of $50,050,000.00 (fifty million, fifty thousand dollars) to be paid collectively by Sequoia Defendants, TCV Defendants and NCA as provided for in Section 3.4 of this Agreement, which is inclusive of payments to Settlement Class Members, attorneys' fees and costs, service awards to Named Plaintiffs, and costs of notice and administration.

2.27 "Sequoia Defendants" means Sequoia Capital Operations, LLC; Sequoia Capital Franchise Partners, L.P.; Sequoia Capital IX, L.P.; Sequoia Capital Growth Fund III, L.P.; Sequoia Capital Entrepreneurs Annex Fund, L.P.; Sequoia Capital Growth III Principals Fund, LLC; Sequoia Capital Franchise Fund, L.P.; SCFF Management, LLC; SC IX.I Management, LLC; SCGF III Management, LLC; and Sequoia Capital Growth Partners III, L.P.

8

2.28 "TCV Defendants" means TCV V, L.P.; TCV Member Fund L.P.; and Technology Crossover Management V, LLC.

### III.   **TERMS OF THE SETTLEMENT**

3.1   <u>Class Certification.</u> Settling Defendants dispute that a class would be manageable and further deny that a litigation class could be certified on the claims asserted in the Actions. However, solely for purposes of avoiding the expense and inconvenience of further litigation, Settling Defendants do not oppose the District Court's certification of the Settlement Class for settlement purposes only.  No agreements made by Settling Defendants in connection with this Agreement may be used by Plaintiffs, any Settlement Class Member, or any other person, to establish any of the elements of class certification in this or any other proceeding.  Preliminary certification of a Settlement Class for settlement purposes shall not be deemed a concession that certification of a class is appropriate, nor are Settling Defendants estopped or otherwise precluded from challenging class certification in further or other proceedings if this Settlement is not finally approved.

3.2   <u>Definition of the Settlement Class.</u> Solely for the purposes of this Settlement, the Parties agree to preliminary certification of the following Settlement Class:

> All persons within the United States to whom Great Plains Lending has lent money; all persons within the United States to whom Plain Green lent money prior to June 1, 2016; and all persons within the United States to whom MobiLoans lent money prior to May 6, 2017.

Certification of the Settlement Class will be sought pursuant to Federal Rule of Civil Procedure 23(b)(3), and all Settlement Class Members shall have the right to exclude themselves by way of the opt-out procedure set forth in Section 7.2 of this Agreement and the Preliminary Approval Order.

3.3   <u>Identification of the Settlement Class and Eligibility for Cash Award.</u> The Parties

9

agree that the Class List used in *Gibbs, et al. v. Plain Green, LLC, et al.*, 3:17-cv-00495-MHL (E.D. Va.) and maintained by the Settlement Administrator shall be used in this case.  NCA also agrees to provide the Settlement Administrator with a list of the approximately 299,000 putative class members associated with the Purchased Debt to facilitate class notice to those putative members of the Settlement Class.

      3.4   Settlement Consideration.  Pursuant to this Agreement, as full and complete consideration for the releases set forth below, Settling Defendants will implement the relief set forth in Section 3.4(a) and pay the Settlement Fund described in Section 3.4(b), as follows:

      a.   Prospective Relief.

      i.   Cancellation of Outstanding Debts.  As of September 30, 2020, NCA agrees that it will cancel all Purchased Debt and that it will cease all collection activity on Purchased Debt. NCA acknowledges that the cancelled debt is disputed debt and will not issue an IRS Form 1099 to any Settlement Class Member unless specifically instructed to do so by the IRS. By virtue of the cancellation of Purchased Debt, NCA further agrees that it will not assign, sell or transfer any Purchased Debt. It is estimated that the amount of cancelled debt will exceed $383,000,000 (three hundred, eighty-three million dollars) and include approximately 299,000 putative members of the Settlement Class.

      ii.   Negative Tradeline Deletion Request.  Within thirty (30) days of the Effective Date, NCA shall contact all consumer reporting agencies to which it previously had reported information regarding any Purchased Debt and request removal of all tradelines previously reported to

consumer reporting agencies in its name for the Purchased Debt.

iii.    Payments Made Since April 16, 2019.  Any Payment Class Member (i.e.,
those Settlement Class Members who made a payment to NCA after April
16, 2019) shall also have the right to obtain a payment from NCA in an
amount equivalent to the amount paid to NCA that would be in excess of
the interest rate cap in a Payment Class Member's respective state.  NCA
and Class Counsel will work with any Payment Class Members to provide
a process where the Payment Class Member can contact class counsel to
determine whether NCA collected any money from that Payment Class
Member that would have been in excess of his or her state interest rate
cap. For any Payment Class Members who contact Class Counsel within
ninety (90) days of the Effective Date of the settlement, NCA will work
with Class Counsel to pay to the Payment Class Member the amount
collected by NCA after April 16, 2019 in excess of the Payment Class
Member's state interest rate cap. Class Counsel agrees that it will handle
these efforts as part of the broader Settlement of the Actions and without
payment of additional attorney's fees.

b.      Monetary Consideration.  In addition to the actions and consideration set
forth in Section 3.4(a), NCA agrees to pay $50,000.00 (fifty thousand dollars) into
the Settlement Fund for the payment of the Named Plaintiffs' service awards and
toward the costs of notice and administration, as monetary consideration for the
Settlement. The Sequoia Defendants agree to pay $25,000,000.00 (twenty-five
million dollars); and the TCV Defendants agree to pay $25,000,000.00 (twenty-

11

five million dollars), for a total of $50,050,000.00 (fifty million, fifty thousand dollars) paid into the Settlement Fund.

    i.   Payments into the Settlement Fund.  Subject to approval by the District Court, the Settlement Fund shall be held in the Escrow Account created by the Settlement Administrator at an insured bank approved by Class Counsel.  Monies will be placed into the Settlement Fund, subject to the District Court's oversight, by wire transfer or check, as follows:

        1.  The first installment of $2,000,000.00 (two million dollars) shall be paid by Sequoia Defendants and TCV Defendants within fifteen (15) days after entry of the Preliminary Approval Order. Sequoia Defendants and TCV Defendants shall each be responsible for a payment not to exceed $1,000,000.00 (one million dollars) each.

        2.  The remaining amount of the Settlement Fund shall be paid by Settling Defendants within fifteen (15) days after the Effective Date.

        3.  There shall be no reversion of any monies paid into the Settlement Fund, except in the event of termination of the Settlement as provided in Section IX.

    ii.  Payments from the Settlement Fund.  The Settlement Fund shall be distributed as follows:  First, to pay costs of notice and administration; second, to pay service awards to Named Plaintiffs approved by the District Court, and attorneys' fees and costs awarded by the District Court; and third, the remainder of the Settlement Fund will be forwarded to the Litigation Trust to distribute Cash Awards to Settlement Class Members

12

in accordance with this Agreement.

iii.    Settling Defendants agree that Settlement Class Members who did not cash their checks in the settlement of *Gibbs, et al. v. Plain Green, LLC, et al.*, 3:17-cv-00495-MHL (E.D. Va.) and *In re Think Finance, LLC,* Case No. 17-33964 (N.D. Tx.) will not be issued an automatic payment in this Settlement unless they affirmatively submit a request online, through a portal to be created, or in writing to the Settlement Administrator as part of the notice process.

iv.    <u>Distributions to the Settlement Class.</u>  Cash Awards shall be calculated and distributed to Settlement Class Members as follows:

    <u>Tier 1:</u> All payments made by Settlement Class Members in Arizona, Arkansas, Colorado, Connecticut, Idaho, Illinois, Indiana, Kansas, Kentucky, Massachusetts, Minnesota, Montana, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Pennsylvania, Ohio, South Dakota, Vermont, Virginia, and Wisconsin so long as the Settlement Class Member paid the principal amount of his or her loan.

    <u>Tier 2:</u> Payments made above the legal limits for Settlement Class Members in Alabama, Alaska, California, Delaware, Florida, Georgia, Hawaii, Iowa, Louisiana, Maine, Maryland, Michigan, Mississippi, Missouri, Nebraska, North Dakota, Oklahoma, Oregon, Rhode Island, South Carolina, Tennessee, Texas, Washington, West Virginia, Washington D.C., and Wyoming.

13

Tier 3:   Settlement Class Members in Nevada and Utah will not receive cash payments.

v.      Monthly Reports Regarding Distribution of Settlement Fund.   The Settlement Administrator will provide monthly reports to Class Counsel and counsel for the Litigation Trust on the distribution of the Settlement Fund until such time as the residual of the Settlement Fund is transferred to the Litigation Trust.

3.5   Named Plaintiffs' Service Awards.   No later than twenty-one (21) days before the Final Fairness Hearing, Plaintiffs will apply to the District Court for Named Plaintiffs' service awards of up to $7,500.00 (seven thousand five hundred dollars) each.   The Named Plaintiffs' service awards will be paid from the Settlement Fund in the amounts approved by the District Court. The Settlement is not conditioned upon the District Court's approval of the service awards sought by Named Plaintiffs.  The service awards, if any, shall be paid to Named Plaintiffs no earlier than the Effective Date and no later than ten (10) days after the Effective Date. Settling Defendants agree not to oppose Named Plaintiffs' request for service awards.

3.6   Attorneys' Fees and Costs.   No later than twenty-one (21) days before the Final Fairness Hearing, Class Counsel will apply to the District Court for an award of attorneys' fees and costs.  Such attorneys' fees and costs will be paid from the Settlement Fund in an amount not to exceed one third of the Settlement Fund and as approved by the District Court.[1]  The Settlement

---

[1] Counsel for the Litigation Trust will not receive payment pursuant to a Rule 23 Settlement, but in accordance with the procedures set forth in the Plan confirmed in the *In Re Think Finance, LLC, et al.* bankruptcy cases in the United States Bankruptcy Court for the Northern District of Texas under which the Litigation Trust was created. The Parties to this agreement recognize that counsel for the Litigation Trust will be paid as consideration for the services rendered and expenses incurred in its prosecution of the avoidance actions against Sequoia Defendants and TCV Defendants, that were transferred to the Litigation Trust.  In an effort to maximize recovery to the

is not conditioned upon the District Court's approval of the attorneys' fees and costs sought by Class Counsel. The award of attorneys' fees and costs, if any, shall be paid to Class Counsel no earlier than the Effective Date and no later than ten (10) days after the Effective Date. Settling Defendants agree not to oppose Class Counsel's request for attorneys' fees and costs.

3.7   Costs of Notice and Administration.   All costs of notice and administration are to be paid from the Settlement Fund. Under no circumstances will Settling Defendants be responsible for payment of any additional costs of notice and administration beyond or separate from the amount of the Settlement Fund.

3.8   Total Payments by Settling Defendants.   In no event shall Sequoia Defendants be required to pay any more than $25,000,000.00 (twenty-five million dollars); in no event shall TCV Defendants be required to pay any more than $25,000,000.00 (twenty-five million dollars); and in no event shall NCA be required to pay more than $50,000.00 (fifty thousand dollars) pursuant to this Agreement, inclusive of (i) the amount of the Settlement Fund as monetary consideration to the Settlement Class; (ii) notice and administration costs and expenses; (iii) Class Counsel's attorneys' fees and/or litigation costs; (iv) Named Plaintiffs' service awards; and (v) any other fees or costs associated with this Settlement.

3.9   Taxes.   The Parties agree the Cash Awards to Settlement Class Members and Named Plaintiffs are not wages, and that each Settlement Class Member and Named Plaintiff will be solely responsible for correctly characterizing any such payment for tax purposes and for paying any taxes owed on any payment(s). As all distributions of payments to Settlement Class Members are to be made through the Litigation Trust by its trustee, the Litigation Trust shall be responsible

---

Settlement Class, Class Counsel and Counsel for the Litigation Trust agree that the total attorneys' fees should not exceed one third of the Settlement Fund.

for determining if the Settlement Administrator should require an IRS Form W-9 from Settlement Class Members and determining if the Settlement Administrator must send an IRS Form 1099 to any Settlement Class Member.  The Named Plaintiffs shall provide an IRS Form W-9 for any service award payment made in excess of $600.00 (six hundred dollars).  The Settling Defendants make no representations as to the taxability of any amounts paid to the Settlement Class Members or Named Plaintiffs.  The Settlement Class Members and Named Plaintiffs agree to pay federal and state taxes, if any, required by law to be paid by the Settlement Class Members or Named Plaintiffs with respect to this Agreement, and further agree that the Settling Defendants have no responsibility for the payment of any such taxes.

## IV.   RELEASE AND DISMISSAL

4.1   Release.  As of the Effective Date of this Settlement, the following releases shall be effective:

a.   Sequoia Released Parties. Upon the Effective Date, each Named Plaintiff and each Settlement Class Member, on behalf of themselves and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns, shall be deemed to have, and by operation of the Judgment shall have, fully released and forever discharged Sequoia Defendants and each of their parents, subsidiaries, controlling entities, related entities, administrators, predecessors-in-interest, successors, and reorganized successors, and each of the former's current and former members (including, but not limited to, member funds), directors, officers, trustees, shareholders, employees, partners, contractors, joint-venturers, representatives, assigns, agents, lenders, investors, insurers, reinsurers, and attorneys, from any and all rights, duties, obligations, actions, causes of action, liabilities or claims, whether arising

16

under local, state, tribal or federal law (including, without limitation, under any consumer protection or unfair and deceptive practices laws), whether by constitution, statute, contract, common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, including, without limitation, those that arise out of or relate in any way to any or all of the claims, causes of action, acts, omissions, facts, matters, transactions, or occurrences that were or could have been directly or indirectly alleged, described, set forth, referred to, or asserted in the Actions, as well as any claims each Settlement Class Member has or ever had against any of the Sequoia Released Parties. "Sequoia Released Parties" shall not include Elevate Credit, Inc. or any of its current and former directors, officers, employees, lenders, shareholders (with the exception of the Sequoia Defendants), investors (with the exception of the Sequoia Defendants), and attorneys, including for any conduct that occurred after May 1, 2014. Provided, however, that this exclusion for current and former directors of Elevate shall not include Saundra Schrock, who shall be included as one of the "Sequoia Released Parties," including but not limited to in her capacity as an Elevate director. "Sequoia Released Parties" shall not include any defendant currently named in any of the Actions that is not specifically defined as a Sequoia Defendant.

b.     TCV Released Parties. Upon the Effective Date, each Named Plaintiff and each Settlement Class Member, on behalf of themselves and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns, shall be deemed to have, and by operation of

17

the Judgment shall have, fully released and forever discharged the TCV Defendants and each of their parents, subsidiaries, controlling entities, related entities, administrators, predecessors-in-interest, successors, and reorganized successors, and each of the former's current and former members (including, but not limited to, member funds), current and former directors, officers, trustees, shareholders, employees, partners, contractors, joint-venturers, representatives, assigns, agents, lenders, investors, insurers, reinsurers, and attorneys, from any and all rights, duties, obligations, actions, causes of action, liabilities or claims, whether arising under local, state, tribal or federal law (including, without limitation, under any consumer protection or unfair and deceptive practices laws), whether by constitution, statute, contract, common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, including, without limitation, those that arise out of or relate in any way to any or all of the claims, causes of action, acts, omissions, facts, matters, transactions, or occurrences that were or could have been directly or indirectly alleged, described, set forth, referred to, or asserted in the Actions, as well as any claims each Settlement Class Member has or ever had against any of the TCV Released Parties. "TCV Released Parties" shall not include Elevate Credit, Inc. or any of its current and former directors, officers, employees, lenders, shareholders (with the exception of the TCV Defendants), investors (with the exception of the TCV Defendants), and attorneys, including for any conduct that occurred after May 1, 2014. Provided, however, that this exclusion for current and former directors of Elevate shall not include John Rosenberg, who shall be

18

included as one of the "TCV Released Parties," including but not limited to in his capacity as an Elevate director. "TCV Released Parties" shall not include any defendant currently named in any of the Actions that is not specifically defined as a TCV Defendant.

c.      NCA Released Parties.   Upon the Effective Date, each Named Plaintiff, each Settlement Class Member for whom NCA cancels his or her debt pursuant to Section 3.4(a)(i), and each Payment Class Member who obtains and accepts a payment pursuant to Section 3.4(a)(iii), on behalf of themselves and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns, shall be deemed to have, and by operation of the Judgment shall have, fully released and forever discharged NCA and each of its parents, subsidiaries, controlling entities, related entities, administrators, predecessors-in-interest, successors, and reorganized successors, and each of the former's current and former members (including, but not limited to, member funds), directors, officers, trustees, shareholders, employees, partners, contractors, joint-venturers, representatives, assigns, agents, lenders, investors, insurers, reinsurers, and attorneys (the "NCA Released Parties") from any and all rights, duties, obligations, actions, causes of action, liabilities or claims, whether arising under local, state, tribal or federal law (including, without limitation, under any consumer protection or unfair and deceptive practices law), whether by constitution, statute, contract, common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, including, without limitation, those that arise

19

out of or relate in any way to any or all of the claims, causes of action, acts, omissions, facts, matters, transactions, or occurrences that were or could have been directly or indirectly alleged, described, set forth, referred to, or asserted in the Actions, as well as any claim each Settlement Class Member has or ever had against any of the NCA Released Parties.  NCA Released Parties shall not include any named defendant in any of the Actions other than NCA.

d.      Upon the Effective Date, each Payment Class Member for whom NCA cancels his or her debt pursuant to Section 3.4(a)(i), and who is eligible to request a payment from NCA pursuant to Section 3.4(a)(iii), shall be deemed to have, and by operation of the Judgment shall have, waived his or her rights to bring a claim for statutory damages, class action, collective action, or mass action against any of the NCA Released Parties, but will not hereby release any individual claim against any of the NCA Released Parties for actual damages.  Each such Payment Class Member shall also maintain the right to request and obtain a payment as provided in Section 3.4(a)(iii), and if the Payment Class Member accepts any payment pursuant to Section 3.4(a)(iii), that Payment Class Member will provide the same release of the NCA Released Parties as provided at Section 4.1(c) of this Agreement.

e.      Without limiting the foregoing, the claims released above as to the Sequoia Released Parties, the TCV Released Parties and the NCA Released Parties specifically include claims that the Named Plaintiffs and Settlement Class Members (or any of them) do not know or suspect to exist in their favor at the time that the Settlement, and the releases contained in this Agreement, becomes effective.  The

20

Named Plaintiffs acknowledge that they each have read, understand, and waive, on behalf of themselves and the Settlement Class Members, all rights and benefits of Section 1542 of the California Civil Code (or any other statute or legal doctrine limiting the effectiveness of releases), which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Named Plaintiffs understand and acknowledge, and the Settlement Class Members shall be deemed to understand and acknowledge, the significance of this waiver of California Civil Code Section 1542 and any other applicable law relating to limitations on releases. In connection with such waiver and relinquishment, Named Plaintiffs acknowledge on behalf of themselves and the Settlement Class Members that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally and forever all Released Claims against the Released Parties, and in furtherance of such intention, the release of the Released Claims shall remain in effect notwithstanding the discovery or existence of any such additional or different facts.

4.2   Scope of Release. The releases in Section 4.1 shall apply to and bind Named Plaintiffs and all Settlement Class Members as of the Effective Date of this Settlement. Any Settlement Class Members who do not wish to be subject to these releases shall have the right to exclude themselves by way of the general opt-out procedures set forth in Section 7.2 of this

21

Agreement and the Preliminary Approval Order.

        4.3   Dismissal.  Provided that the Final Approval Order is entered, in each of the Actions, including any related appeals arising from the Actions, that had previously been stayed pending approval of the Settlement by the District Court, the Parties shall file stipulations or other appropriate documents requesting dismissal of the Sequoia Defendants in *Brice, et al. v. Stinson, et al.*, 3:19-cv-1481 (N.D. Cal.) with prejudice within seven (7) days of the Effective Date.

## V.     NOTICE AND SETTLEMENT ADMINISTRATION

        5.1   Settlement Administrator.  Subject to approval by the District Court, the Settlement Administrator shall be responsible for administering the Settlement in accordance with this Agreement, including distribution of the Settlement Fund to the Litigation Trust for the benefit of the Settlement Class, withholding and paying of any applicable taxes by or on behalf of the Litigation Trust, and other duties as provided herein or by applicable Court orders.  The Settlement Administrator may disburse money from the Settlement Fund only in accordance with this Agreement and applicable orders of the Court, upon receiving written consent (which may be provided via email) from Class Counsel.  The actions of the Settlement Administrator shall be governed by the terms of this Agreement.  The Parties shall provide information reasonably requested by the Settlement Administrator pursuant to this Agreement.  The Parties further agree:

           a.     Class Counsel shall be solely responsible for directing the Settlement Administrator to file all informational and other tax returns necessary to report any taxable and/or net taxable income earned by the Settlement Fund.  Further, Class Counsel shall be solely responsible for directing the use of any of the Settlement Fund, as and when legally required, any tax payments, including interest and penalties due on income earned by the Settlement Fund.  Settling Defendants shall

have no responsibility to make any filings relating to the Settlement Fund and shall have no responsibility to pay tax on any income earned by the Settlement Fund or to pay any taxes on the Settlement Fund unless the Settlement is not consummated and the Settlement Fund is returned. Other than as specifically set forth herein, the Settling Defendants shall have no responsibility for the payment of taxes or tax expenses. If, for any reason, for any period of time, the Settling Defendants are required to pay taxes on income earned by the Escrow Account, the escrow agent shall, upon written instructions from the Settling Defendants with notice to Class Counsel, timely pay to the Settling Defendants sufficient funds to enable them to pay all state or federal taxes on income earned by the Escrow Account.

b.      The Settlement Administrator's Escrow Account for receipt of the Settlement Fund shall be a noninterest-bearing account.

c.      Upon distribution of the Settlement Fund to the Litigation Trust, the trustee of the Litigation Trust shall be solely responsible for compliance with all tax laws, the payment of any taxes that are or become payable by the Litigation Trust, and making all filings and all disclosures required of the Litigation Trust.

5.2      <u>Costs of Notice and Administration.</u> The costs of notice and administration, including without limitation for the making of the disclosures necessary for Defendants' compliance with the notice provisions of the Class Action Fairness Act ("CAFA"), shall be paid entirely from the Settlement Fund and/or Litigation Trust.

5.3      <u>Class Notice.</u> Notice consistent with the due process requirements of Fed. R. Civ. P. 23 shall be provided within thirty (30) days following entry of the Preliminary Approval Order, as follows:

a.      Direct Notice, substantially in the form attached hereto as Exhibit 1 or as modified by the District Court with the consent of all Parties, will be sent via electronic mail (email) to prospective Settlement Class Members within thirty (30) days after the date of entry of the Preliminary Approval Order at the most recent email address in the Settlement Administrator's electronic records.  Direct Notice, substantially in the form attached hereto as Exhibit 1, or as modified by the District Court with the consent of all Parties, will be mailed via first class mail to prospective Settlement Class Members whose email notice results in a bounce-back email.  Mailing addresses will be run once through the NCOA, or any other postal address verification database that the Settlement Administrator deems proper, prior to mailing.  Returned Direct Notices will be re-mailed if they are returned within twenty (20) days of the postmark date of the Direct Notice and contain a forwarding address.  No further emailed or mailed notice shall be required except as otherwise expressly provided herein.

b.      The Settlement Administrator will establish and continue to maintain an Internet site, www.thinkfinancesettlement.com, on which will be posted the Direct Notice as well as the Class Action Complaint; this Agreement; any motions and memoranda seeking approval of this Settlement, approval of attorneys' fees and costs, or approval of Named Plaintiffs' service awards; any orders of the District Court relating to this Settlement; and any other information the Parties believe necessary and appropriate.  The Direct Notice shall direct recipients to the location of the Internet site.  The website shall make available a form that allows Settlement Class Members to update their mailing addresses; Settlement Class Members may

24

also contact the Settlement Administrator by telephone or mail to update their mailing addresses. Within thirty (30) days after entry of the Preliminary Approval Order, the website shall allow Settlement Class Members to determine whether or not they are eligible for a Cash Award by entering their unique identifier (provided on the Direct Notice or available by calling the Settlement Administrator) and last name. The website shall be updated with this Settlement information within five (5) days after entry of the Preliminary Approval Order and shall remain active until Class Counsel deems it is appropriate to terminate the website.

c.      The Parties shall have the right to audit the work of the Settlement Administrator at any time.

d.      At their request, the Settlement Administrator shall provide the disclosures necessary for Settling Defendants' compliance with the notice provisions of the CAFA. All CAFA Notices shall be subject to approval by all Settling Defendants before service.

5.4   Certification to the District Court.  No later than twenty-one (21) days before the Final Fairness Hearing, the Settlement Administrator and/or its designees shall file a declaration with the District Court verifying that notice has been provided to the Settlement Class in accordance with this Agreement and the Preliminary Approval Order as entered by the District Court.

VI.    **DISPUTE RESOLUTION**

6.1   Dispute Resolution.  The Parties agree to meet and confer in good faith in regard to any dispute relating to this Settlement or to administration of this Settlement. Any dispute that cannot be resolved by the Parties shall be submitted, not earlier than thirty (30) days after written notice of the dispute was first given, to a United States Magistrate Judge referred by the Court for

his or her written recommendation as to a resolution. In the event any Party disagrees with the written recommendation, the Party must file a motion in the Consolidated Action to address the issue within ten (10) days of receiving the recommendation.

## VII.   PRELIMINARY APPROVAL ORDER AND FINAL FAIRNESS HEARING

7.1   Preliminary Approval Order. Class Counsel will seek the District Court's approval of this Settlement by filing an appropriate Motion for Preliminary Approval and seeking entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit 2. Concurrently with the filing of Plaintiffs' Motion for Preliminary Approval, Named Plaintiffs shall file in the District Court a proposed consolidated amended complaint with a nationwide class, by consent of the Settling Defendants, solely for the purpose of consolidating the pending Actions so that all Named Plaintiffs and Settling Defendants are parties to *Gibbs v. TCV V, LP*, Case No. 3:19-cv-789 (E.D. Va.).

7.2   Immediate Suspension of Proceedings. The Parties agree to stay the Actions identified above and any related appeals within seven (7) days of the execution of this Agreement. The Parties shall request that each case be stayed to allow the Settlement to be completed, maintaining the procedural posture of each case pending final approval. Plaintiffs and their counsel agree not to file any additional cases arising from loans covered by this Settlement pending Final Approval of the Settlement. Any party that served third-party discovery requests in any of the Actions shall immediately withdraw all such requests by letter to the recipients with copies to counsel for all Parties, subject to renewing such discovery if the Settlement fails to receive preliminary or final approval.

7.3   Opt-Out/Requests for Exclusion from Settlement.

a.   Requests for Exclusion. Prospective Settlement Class Members shall be

26

given the opportunity to opt out of the Settlement Class. All requests by prospective Settlement Class Members to be excluded must be in writing and mailed to the Settlement Administrator. All Settlement Class Members will have at least forty-five (45) days after entry of the Preliminary Approval Order to opt out of the Settlement. An appropriate written request for exclusion must be personally signed by the Settlement Class Member and must include: (i) the name of this case; (ii) the Settlement Class Member's name, address and telephone number; and (iii) the following statement: "I request to be excluded from the class settlement in this case." No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class.

b.      Delivery to Parties/Filing with District Court.      The Settlement Administrator shall provide copies of the original requests for exclusion to the Parties by no later than five (5) days after the opt-out deadline. Not later than twenty-one (21) days before the Final Fairness Hearing, the Settlement Administrator shall file with the District Court a declaration that lists all of the opt-outs received.

c.      Effect.  All prospective Settlement Class Members who timely exclude themselves from the Settlement Class will not be eligible to receive any consideration pursuant to this Settlement and will not be bound by any further orders or judgment in the Actions, and will preserve their ability to independently pursue any individual claims they may have against the Released Parties. In the event of ambiguity as to whether a Settlement Class Member has requested to be

27

excluded, the Settlement Class Member shall be deemed not to have requested exclusion.

7.4    Objections to Settlement.

a.        Right to Object.  Any Settlement Class Member who has not previously opted out as provided in Section 7.3 may appear at the Final Fairness Hearing to argue that the proposed Settlement should not be approved, to oppose the application of Class Counsel for an award of attorneys' fees and costs, and/or to oppose the service awards to Named Plaintiffs.  Any Settlement Class Member who wishes to object to the Settlement must file a written objection with the District Court no later than the date specified by subsection (b) of this Section.  Settlement Class Members who fail to timely file and serve written objections shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to this Settlement.

b.        Deadline.  Any such objection must be filed in the District Court in a writing. Settlement Class Members will have at least forty-five (45) days after entry of the Preliminary Approval Order to object to the Settlement.  Notwithstanding this deadline, objections solely as to attorneys' fees or service awards may be made no later than seven (7) days after the filing of a motion for the award of attorneys' fees and/or service awards.

c.        Content of Objections.  All objections must include: (i) the name of this case; (ii) the objector's name, address, email address and telephone number; (iii) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (iv) any factual basis and legal grounds for the objection to the Settlement;

28

(v) the name of counsel for the objector (if any), including any former or current counsel who may seek compensation for any reason related to the objection to the Settlement, the fee application, or the application for service awards; and (vi) whether he or she intends to appear at the Final Fairness Hearing on his or her own behalf or through counsel. Counsel representing an objecting Settlement Class Member must enter an appearance in this case. No *pro se* objection shall be rejected merely because it does not fully comply with these instructions.

d. The right to object to the Settlement must be exercised individually by a Settlement Class Member or through his or her counsel, and not *en masse* or as a member of a group, class or subclass.

## VIII. FINAL APPROVAL OF SETTLEMENT AND OTHER CONDITIONS

8.1 <u>Final Approval Order.</u> On a date to be set by the District Court, Plaintiffs will petition the District Court to enter a Final Approval Order in this case in a form that the Parties propose to the District Court that will provide:

a. That the case, for purposes of this Settlement, may be maintained as a class action on behalf of the Settlement Class;

b. That Named Plaintiffs fairly and adequately represent the interests of the Settlement Class;

c. That Class Counsel fairly and adequately represent Plaintiffs and the Settlement Class;

d. That the Direct Notice and Internet Notice satisfy the requirements of due process, the Federal Rules of Civil Procedure and any other applicable laws;

e. That the Settlement is fair, reasonable and adequate to the Settlement Class and that each Settlement Class Member shall be bound by the Settlement, including

29

the releases contained in Section IV above;

f.    That the Settlement represents a fair resolution of all claims asserted on behalf of the Settlement Class and fully and finally resolves all such claims;

g.    That this Settlement should be, and is, approved;

h.    The amounts of the attorneys' fees, costs, and Named Plaintiffs' service awards;

i.    Confirmation of the opt outs from the Settlement;

j.    Overruling of objections, if any;

k.    Dismissal, on the merits and with prejudice, of all claims and an injunction prohibiting all Settlement Class Members or their representatives or privies from bringing, joining, or continuing to prosecute against the Released Parties any Released Claims and entering judgment thereon; and

l.    Retention of jurisdiction over all matters relating to the modification, interpretation, administration, implementation, effectuation and enforcement of this Settlement.

IX.    **TERMINATION OF SETTLEMENT**

9.1    Non-Approval of Settlement. If the District Court declines to preliminarily or finally approve, or requires material modification of the Agreement, the Parties shall request that the Actions continue to be stayed for a period of thirty (30) days to allow the Parties to meet and confer in good faith with regard to how to address any questions raised and/or changes required by the District Court, including whether to accept the Agreement as modified by the District Court or modify the Agreement for resubmission to the District Court for approval. If within thirty (30) days after entry of the District Court's order denying preliminary or final approval or requiring material modification of the Agreement, the Parties do not agree to accept the Agreement as

30

modified by the District Court or fail to agree to modify the Agreement for resubmission to the District Court for approval, any Party may unilaterally terminate the Agreement by providing written notice of this election to all Parties. In such an event, nothing in this Agreement or filed in connection with seeking approval of the Settlement shall be construed as an admission or concession of any fault, wrongdoing, or liability of any kind, nor are Settling Defendants estopped or otherwise precluded from challenging any of the allegations in further proceedings in the Actions or any other action. Moreover, the Parties shall be deemed to have preserved all of their rights or defenses as of the dates that Plaintiffs initiated the respective Actions, shall not be deemed to have waived any substantive or procedural rights of any kind that they may have as to each other or any member of the Settlement Class, and Plaintiffs shall refund by wire transfer or check within fifteen (15) days of such termination the Monetary Consideration paid by the Settling Defendants into the Settlement Fund according to the amount paid by each of the Settling Defendants. Likewise, in the event that this Settlement is approved without material modification by the District Court, but is later reversed or vacated on appeal, each of the Parties shall have the right to withdraw from this Settlement and return to the *status quo ante* as of the dates that Plaintiffs initiated the Actions for all litigation purposes, as if no agreement had been negotiated or entered into, shall not be deemed to have waived any substantive or procedural rights of any kind that they may have as to each other or any member of the Settlement Class, and Plaintiffs shall refund by wire transfer or check within fifteen (15) days the Monetary Consideration paid by the Settling Defendants into the Settlement Fund according to the amount paid by each of the Settling Defendants.

## X.   MISCELLANEOUS PROVISIONS

10.1   Further Assurance. Each of the Parties shall execute all documents and perform all acts necessary and proper to effectuate the terms of this Agreement.

10.2   No Admission of Liability. It is expressly recognized and accepted by Plaintiffs

31

that the Released Parties deny any liability and that Settling Defendants are settling solely to avoid the cost and inconvenience of litigation.

10.3 Evidentiary Preclusion. Neither this Agreement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any claim, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. In addition, except for purposes of demonstrating the validity of this Agreement or its terms, neither the fact of, nor any documents relating to, any Settling Defendant's withdrawal from the Settlement, any failure of the District Court to approve the Settlement, and/or objections or interventions may be used as evidence for any purpose whatsoever. The Released Parties may file this Agreement and/or Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10.4 Entire Agreement. This Agreement constitutes the entire agreement between and among the Parties with respect to the Settlement of the Actions. This Agreement supersedes all prior negotiations and agreements. The Parties, and each of them, represent and warrant that no other party or any agent or attorney of any of the Parties has made any promise, representation, or warranty whatsoever not contained in this Agreement and the other documents referred to in this Agreement to induce them to execute the same. The Parties, and each of them, represent and warrant that they have not executed this Agreement, or the other documents referred to in this

32

Agreement, in reliance on any promise, representation or warranty not contained in this Agreement and the other documents referred to in this Agreement.

10.5   Successors and Assigns.   This Agreement shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Parties.

10.6   Publicity.   The Parties and their counsel agree that no press releases or affirmative statements will be made to the media, except as otherwise agreed in writing by the Parties.

10.7   Competency of the Parties.   The Parties, and each of them, acknowledge, warrant, represent, and agree that in executing and delivering this Agreement, they do so freely, knowingly, and voluntarily, that they had an opportunity to and did discuss its terms and their implications with legal counsel of their choice, that they are fully aware of the contents and effect of this Agreement, and that such execution and delivery is not the result of any fraud, duress, mistake, or undue influence whatsoever.

10.8   Authority.   The persons signing this Agreement on behalf of an entity warrant and represent that they are authorized to sign on the respective entity's behalf. Each of the Named Plaintiffs has personally signed this Agreement.

10.9   Modification.   No modification of or amendment to this Agreement shall be valid unless it is in writing and signed by all Parties hereto or agreed to on the record in the District Court.

10.10 Construction.   Each of the Parties has cooperated in the drafting and preparation of this Agreement.  Hence, in any construction to be made of this Agreement, the Agreement shall not be construed against any of the Parties.  Before declaring any provision of this Agreement invalid, the District Court shall first attempt to construe the provision as valid to the fullest extent

33

possible consistent with applicable precedent so as to find all provisions of this Agreement valid and enforceable. After applying this rule of construction and still finding a provision invalid, the District Court shall thereupon interpret the invalid provision to the fullest extent possible to otherwise enforce the invalid provision. The invalidity of any one provision shall not render this Agreement otherwise invalid and unenforceable unless the provision found to be invalid materially affects the terms of this Agreement after application of the rules of construction set forth in this paragraph.

10.11 <u>No Waiver.</u> The failure of any of the Parties to enforce at any time any provision of this Agreement shall not be construed to be a waiver of such provision, or any other provision, nor in any way to affect the validity of this Agreement or any part hereof, or the right of any of the Parties thereafter to enforce that provision or each and every other provision. No waiver of any breach of this Agreement shall constitute or be deemed a waiver of any other breach.

10.12 <u>Governing Law.</u> This Agreement shall be governed by, construed, and enforced in accordance with the laws of the Commonwealth of Virginia, including all matters of construction, validity, performance, and enforcement and without giving effect to the principles of conflict of laws.

10.13 <u>Notices/Communications.</u> All requests, demands, claims, and other communications hereunder shall: (a) be in writing; (b) delivered by U.S. mail and electronic mail; (c) be deemed to have been duly given on the date received; and (d) be addressed to the intended recipient as set forth below:

> <u>If to Plaintiffs or the Settlement Class:</u>
>
> Kristi C. Kelly
> 3925 Chain Bridge Road, Suite 202
> Fairfax, Virginia 22030
> kkelly@kellyguzzo.com

34

If to Sequoia Defendants:

Shon Morgan
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
shonmorgan@quinnemanuel.com

If to TCV Defendants:

Stephen D. Hibbard
Jones Day
555 California Street
26th Floor
San Francisco, California 94104
sdhibbard@jonesday.com

If to NCA:

Charles K. Seyfarth
O'Hagan Meyer
411 East Franklin Street, Suite 500
Richmond, Virginia 23219
cseyfarth@ohaganmeyer.com

Each of the Parties may change the address to which requests, demands, claims, or other communications hereunder are to be delivered by giving the other Parties notice in the manner set forth herein.

10.14 <u>Counterparts.</u>  This Agreement may be executed in one or more counterparts and, if so executed, the various counterparts shall be and constitute one instrument for all purposes and shall be binding on each of the Parties that executed it, provided, however, that none of the Parties shall be bound unless and until all Parties have executed this Agreement.  For convenience, the several signature pages may be collected and annexed to one or more documents to form a complete counterpart.  Photocopies of executed copies of this Agreement may be treated as originals.

10.15 <u>Cooperation.</u>  The Parties, and their respective counsel, agree to cooperate with

each other and do all things reasonably necessary to obtain preliminary approval of the Settlement; to obtain final approval of the Settlement; and to otherwise ensure that a fully effective final approval of the Settlement occurs. In the event the District Court disapproves or sets aside this Agreement or any material part hereof for any reason, then the Parties will either jointly agree to accept the Agreement as modified by the Court or engage in negotiations in an effort to jointly agree to modify the Agreement for resubmission to the District Court for approval.

10.16 Dismissal of Adversary Proceeding.  This Agreement is contingent upon agreement from the Litigation Trust to settle and release the claims asserted against the Sequoia Defendants and TCV Defendants in adversary case number 20-03078-hdh, part of the jointly-administered bankruptcy action *In re Think Finance, LLC*, Case No. 17-33964, pending in the United States Bankruptcy Court for the Northern District of Texas. This Settlement will not be effective unless Plaintiffs obtain consent and approval from the Litigation Trust of the Addendum attached hereto as Exhibit 3. Written confirmation of the Litigation Trust's consent must be provided to the Sequoia Defendants and TCV Defendants within five (5) days of the execution of this Agreement. Because this Settlement will not be effective without the consent and approval of the Litigation Trust, Plaintiffs acknowledge and agree that they cannot move for preliminary approval of the Settlement unless Plaintiffs obtain such consent and approval.

*** 

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement on the dates set forth below.

36

set forth below.

Dated: __October 26_____, 2020        By: _____
                                               Darlene Gibbs
                                               Plaintiff

Dated: _____, 2020        By: _____
                                               Stephanie Edwards
                                               Plaintiff

Dated: _____, 2020        By: _____
                                               Lula Williams
                                               Plaintiff

Dated: _____, 2020        By: _____
                                               Patrick Inscho
                                               Plaintiff

Dated: _____, 2020        By: _____
                                               Lawrence Mwethuku
                                               Plaintiff

Dated: _____, 2020        By: _____
                                               Kimetra Brice
                                               Plaintiff

37

set forth below.

Dated: _____, 2020        By: _____
                                              Darlene Gibbs
                                              Plaintiff


Dated: _____, 2020        By: _____
                                              Stephanie Edwards
                                              Plaintiff


Dated: _____, 2020        By: _____
                                              Lula Williams
                                              Plaintiff


Dated: _____, 2020        By: _____
                                              Patrick Inscho
                                              Plaintiff


Dated: _____, 2020        By: _____
                                              Lawrence Mwethuku
                                              Plaintiff


Dated: _____, 2020        By: _____
                                              Kimetra Brice
                                              Plaintiff

***

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement on the dates

36

set forth below.

Dated: _____, 2020      By: _____
                                           Darlene Gibbs
                                           Plaintiff


Dated: _____, 2020      By: _____
                                           Stephanie Edwards
                                           Plaintiff


Dated: _10 - 27 -_____, 2020      By _Lula Williams_
                                           Lula Williams
                                           Plaintiff


Dated: _____, 2020      By: _____
                                           Patrick Inscho
                                           Plaintiff


Dated: _____, 2020      By: _____
                                           Lawrence Mwethuku
                                           Plaintiff

set forth below.

Dated: _____, 2020        By: _____
                                               Darlene Gibbs
                                               Plaintiff


Dated: _____, 2020        By: _____
                                               Stephanie Edwards
                                               Plaintiff


Dated: _____, 2020        By: _____
                                               Lula Williams
                                               Plaintiff


Dated: Oct 23, 2020 _____, 2020   By: *Patrick M Inscho*
                                               Patrick Inscho
                                               Plaintiff


Dated: _____, 2020        By: _____
                                               Lawrence Mwethuku
                                               Plaintiff


Dated: _____, 2020        By: _____
                                               Kimetra Brice
                                               Plaintiff

37

set forth below.

Dated: _____, 2020     By: _____
                                          Darlene Gibbs
                                          Plaintiff


Dated: _____, 2020     By: _____
                                          Stephanie Edwards
                                          Plaintiff


Dated: _____, 2020     By: _____
                                          Lula Williams
                                          Plaintiff


Dated: _____, 2020     By: _____
                                          Patrick Inscho
                                          Plaintiff


Dated: ____October 23____, 2020     By: _____*Lmwethuku*_____
                                          Lawrence Mwethuku
                                          Plaintiff


Dated: _____, 2020     By: _____
                                          Kimetra Brice
                                          Plaintiff

37

DocuSign Envelope ID: 70B04600-A7DF-412A-A652-6BF7AB528CAC

set forth below.

Dated: _____, 2020      By: _____
                                              Darlene Gibbs
                                              Plaintiff


Dated: _____, 2020      By: _____
                                              Stephanie Edwards
                                              Plaintiff


Dated: _____, 2020      By: _____
                                              Lula Williams
                                              Plaintiff


Dated: _____, 2020      By: _____
                                              Patrick Inscho
                                              Plaintiff


Dated: _____, 2020      By: _____
                                              Lawrence Mwethuku
                                              Plaintiff


Dated: __10/23/2020_____, 2020   By: _____
                                              DocuSigned by:
                                              *Kimetra Brice*
                                              D92ECC0A9269403 Kimetra Brice
                                              Plaintiff

37

Dated: _____Oct 26, 2020_____, 2020          By: _Earl La Rue Browne Jr_____
                                                        Earl Browne
                                                        Plaintiff

Dated: _____, 2020          By: _____
                                                        Jill Novorot
                                                        Plaintiff

Dated: _____, 2020          By: _____
                                                        Regina Nolte
                                                        Plaintiff

Dated: _____, 2020          By: _____
                                                        Alicia Patterson
                                                        Plaintiff

Dated: _____, 2020          By: _____
                                                        Sharon Burney
                                                        Plaintiff

Dated: _____, 2020          By: _____
                                                        George Hengle
                                                        Plaintiff

38

Dated: _____, 2020       By: _____
                                         Earl Browne
                                         Plaintiff

Dated: __10/23/2020____, 2020       By: _____
                                         Jill Novorot
                                         Plaintiff

Dated: _____, 2020       By: _____
                                         Regina Nolte
                                         Plaintiff

Dated: _____, 2020       By: _____
                                         Alicia Patterson
                                         Plaintiff

Dated: _____, 2020       By: _____
                                         Sharon Burney
                                         Plaintiff

Dated: _____, 2020       By: _____
                                         George Hengle
                                         Plaintiff

Dated: _____, 2020        By: _____
                                              Earl Browne
                                              Plaintiff


Dated: _____, 2020        By: _____
                                              Jill Novorot
                                              Plaintiff


Dated: _____10/29_____, 2020          By: _____
                                              Regina Nolte
                                              Plaintiff


Dated: _____, 2020        By: _____
                                              Alicia Patterson
                                              Plaintiff


Dated: _____, 2020        By: _____
                                              Sharon Burney
                                              Plaintiff


Dated: _____, 2020        By: _____
                                              George Hengle
                                              Plaintiff


38

Dated: _____, 2020          By: _____
                                              Earl Browne
                                              Plaintiff


Dated: _____, 2020          By: _____
                                              Jill Novorot
                                              Plaintiff


Dated: _____, 2020          By: _____
                                              Regina Nolte
                                              Plaintiff


Dated: ___10/23/2020_____, 2020        By:  DocuSigned by:
                                             ALICIA † PATTERSON
                                             6C882299C2614AC Alicia Patterson
                                                             Plaintiff


Dated: _____, 2020          By: _____
                                              Sharon Burney
                                              Plaintiff


Dated: _____, 2020          By: _____
                                              George Hengle
                                              Plaintiff

38

Dated: _____, 2020          By: _____
                                              Earl Browne
                                              Plaintiff


Dated: _____, 2020          By: _____
                                              Jill Novorot
                                              Plaintiff


Dated: _____, 2020          By: _____
                                              Regina Nolte
                                              Plaintiff


Dated: _____, 2020          By: _____
                                              Alicia Patterson
                                              Plaintiff


Dated: __10/23/2020_____, 2020         By: ___Sharon Burney_____
                                              DocuSigned by:
                                              C1C8F1114F004B1...
                                              Sharon Burney
                                              Plaintiff


Dated: _____, 2020          By: _____
                                              George Hengle
                                              Plaintiff

38

Dated: _____, 2020          By: _____
                                                Earl Browne
                                                Plaintiff


Dated: _____, 2020          By: _____
                                                Jill Novorot
                                                Plaintiff


Dated: _____, 2020          By: _____
                                                Regina Nolte
                                                Plaintiff


Dated: _____, 2020          By: _____
                                                Alicia Patterson
                                                Plaintiff


Dated: _____, 2020          By: _____
                                                Sharon Burney
                                                Plaintiff


Dated: _10 - 23 - 20_, 2020            By: _____
                                                George Hengle
                                                Plaintiff

38

Dated: _____10/23/2020_____, 2020   By _____
                                        Tamara Price
                                        Plaintiff


Dated: _____, 2020   By: _____
                                         Sherry Blackburn
                                         Plaintiff


Dated: _____, 2020   By: _____
                                         Ronald Ivey
                                         Plaintiff


Dated: _____, 2020   By: _____
                                         Jessica Lewis
                                         Plaintiff


Dated: _____, 2020   By: _____
                                         Sharon Gorie
                                         Plaintiff


Dated: _____, 2020   By: _____
                                         Lorene Nelson
                                         Plaintiff


Dated: _____, 2020   By: _____
                                         Timothy Underwood
                                         Plaintiff

39

Dated: _____, 2020      By: _____
                                          Tamara Price
                                          Plaintiff


Dated: Oct. 23 _____, 2020      By: _Sherry Blackburn_____
                                          Sherry Blackburn
                                          Plaintiff


Dated: _____, 2020      By: _____
                                          Ronald Ivey
                                          Plaintiff


Dated: _____, 2020      By: _____
                                          Jessica Lewis
                                          Plaintiff


Dated: _____, 2020      By: _____
                                          Sharon Gorie
                                          Plaintiff


Dated: _____, 2020      By: _____
                                          Lorene Nelson
                                          Plaintiff


Dated: _____, 2020      By: _____
                                          Timothy Underwood
                                          Plaintiff

Dated: _____, 2020          By: _____
                                                     Tamara Price
                                                     Plaintiff


Dated: _____, 2020          By: _____
                                                     Sherry Blackburn
                                                     Plaintiff


Dated: 10-23-2020 , 2020               By: _____
                                                     Ronald Ivey
                                                     Plaintiff


Dated: _____, 2020          By: _____
                                                     Jessica Lewis
                                                     Plaintiff


Dated: _____, 2020          By: _____
                                                     Sharon Gorie
                                                     Plaintiff


Dated: _____, 2020          By: _____
                                                     Lorene Nelson
                                                     Plaintiff


Dated: _____, 2020          By: _____
                                                     Timothy Underwood
                                                     Plaintiff

39

Dated: _____, 2020      By: _____
                                              Tamara Price
                                              Plaintiff


Dated: _____, 2020      By: _____
                                              Sherry Blackburn
                                              Plaintiff


Dated: _____, 2020      By: _____
                                              Ronald Ivey
                                              Plaintiff

Dated: 10/26 _____, 2020      By: _____
                                              Jessica Lewis
                                              Plaintiff


Dated: _____, 2020      By: _____
                                              Sharon Gorie
                                              Plaintiff


Dated: _____, 2020      By: _____
                                              Lorene Nelson
                                              Plaintiff


Dated: _____, 2020      By: _____
                                              Timothy Underwood
                                              Plaintiff


39



Dated: _____, 2020          By: _____
                                                      Tamara Price
                                                      Plaintiff


Dated: _____, 2020          By: _____
                                                      Sherry Blackburn
                                                      Plaintiff


Dated: _____, 2020          By: _____
                                                      Ronald Ivey
                                                      Plaintiff


Dated: _____, 2020          By: _____
                                                      Jessica Lewis
                                                      Plaintiff

Dated: _October 23_, 2020              By: _____
                                                      Sharon Goire
                                                      Plaintiff


Dated: _____, 2020          By: _____
                                                      Lorene Nelson
                                                      Plaintiff


Dated: _____, 2020          By: _____
                                                      Timothy Underwood
                                                      Plaintiff


Dated: _____, 2020          SEQUOIA DEFENDANTS

                                                   By: _____

39

Dated: _____, 2020          By: _____
                                                          Tamara Price
                                                          Plaintiff


Dated: _____, 2020          By: _____
                                                          Sherry Blackburn
                                                          Plaintiff


Dated: _____, 2020          By: _____
                                                          Ronald Ivey
                                                          Plaintiff


Dated: _____, 2020          By: _____
                                                          Jessica Lewis
                                                          Plaintiff


Dated: _____, 2020          By: _____
                                                          Sharon Goire
                                                          Plaintiff


Dated: Oct 23, 2020 _____, 2020          By: _____
                                                          Lorene Nelson
                                                          Plaintiff


Dated: _____, 2020          By: _____
                                                          Timothy Underwood
                                                          Plaintiff


Dated: _____, 2020          SEQUOIA DEFENDANTS

                                          By: _____

Dated: _____, 2020        By: _____
                                            Tamara Price
                                            Plaintiff


Dated: _____, 2020        By: _____
                                            Sherry Blackburn
                                            Plaintiff


Dated: _____, 2020        By: _____
                                            Ronald Ivey
                                            Plaintiff


Dated: _____, 2020        By: _____
                                            Jessica Lewis
                                            Plaintiff


Dated: _____, 2020        By: _____
                                            Sharon Goire
                                            Plaintiff


Dated: _____, 2020        By: _____
                                            Lorene Nelson
                                            Plaintiff

Dated: **10-23**_____, 2020        By: _____
                                            Timothy Underwood
                                            Plaintiff


Dated: _____, 2020        SEQUOIA DEFENDANTS

                                       By: _____

39

DocuSign Envelope ID: 1F32C3F8-E3B8-4B7A-8481-DDFB972A7209

Dated: October 28 , 2020         SEQUOIA DEFENDANTS

By: _____

Its: _____

Dated: _____, 2020         TCV V, L.P.

By: _____

Its: _____

Dated: _____, 2020         TCV MEMBER FUND L.P.

By: _____

Its: _____

Dated: _____, 2020         TECHNOLOGY CROSSOVER
MANAGEMENT V, LLC

By: _____

Its: _____

Dated: _____, 2020         NATIONAL CREDIT ADJUSTERS, LLC

By: _____

Its: _____

Dated: _____, 2020          SEQUOIA DEFENDANTS

                                       By: _____

                                       Its: _____


Dated: ___October 29___, 2020          TCV V, L.P.

                                       By: ___Frederic D. Fenton_____

                                       Its: ___Attorney-in-Fact_____


Dated: ___October 29___, 2020          TCV MEMBER FUND L.P.

                                       By: ___Frederic D. Fenton_____

                                       Its: ___Attorney-in-Fact_____


Dated: ___October 29___, 2020          TECHNOLOGY CROSSOVER
                                       MANAGEMENT V, LLC

                                       By: ___Frederic D. Fenton_____

                                       Its: ___Attorney-in-Fact_____


Dated: _____, 2020          NATIONAL CREDIT ADJUSTERS, LLC

                                       By: _____

                                       Its: _____


40

Dated: _____, 2020         SEQUOIA DEFENDANTS

                                        By: _____
                                        Its: _____

Dated: _____, 2020         TCV V, L.P.

                                        By: _____
                                        Its: _____

Dated: _____, 2020         TCV MEMBER FUND L.P.

                                        By: _____
                                        Its: _____

Dated: _____, 2020         TECHNOLOGY CROSSOVER
                                        MANAGEMENT V, LLC

                                        By: _____
                                        Its: _____

Dated: 11/11_____, 2020            NATIONAL CREDIT ADJUSTERS, LLC

                                        By: _____
                                        Its: Nick Moore, Associate Counsel

40

Approved as to Form:

Dated: _November 10_____, 2020

KELLY GUZZO, PLC

By: _____

Andrew J. Guzzo

Attorneys for Plaintiffs


Dated: _____, 2020

CONSUMER LITIGATION ASSOCIATES,
P.C.

By: _____

Leonard A. Bennett

Attorneys for Plaintiffs


Dated: _____, 2020

TYCKO & ZAVAREERI, LLP

By: _____

Anna Haac

Attorneys for Plaintiffs


Dated: _____, 2020

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By: _____

Shon Morgan

Attorneys for Sequoia Defendants


Dated: _____, 2020

JONES DAY

By: _____

Stephen D. Hibbard

Attorneys for TCV Defendants

41

Approved as to Form:

Dated: _____, 2020        KELLY GUZZO, PLC

By: _____
               Andrew J. Guzzo

Attorneys for Plaintiffs


Dated: _____, 2020        CONSUMER LITIGATION ASSOCIATES, P.C.

By: _____
               Leonard A. Bennett

Attorneys for Plaintiffs


Dated: _____October 23_____, 2020    TYCKO & ZAVAREERI, LLP

By: _____
               Anna Haac

Attorneys for Plaintiffs


Dated: _____, 2020        QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: _____
               Shon Morgan

Attorneys for Sequoia Defendants


Dated: _____, 2020        JONES DAY

By: _____
               Stephen D. Hibbard

Attorneys for TCV Defendants

Approved as to Form:

Dated: _____, 2020    KELLY GUZZO, PLC

By: _____
                                        Andrew J. Guzzo

                                  Attorneys for Plaintiffs


Dated: _____, 2020    CONSUMER LITIGATION ASSOCIATES,
                                  P.C.

By: _____
                                        Leonard A. Bennett

                                  Attorneys for Plaintiffs


Dated: _____, 2020    TYCKO & ZAVAREERI, LLP

By: _____
                                        Anna Haac

                                  Attorneys for Plaintiffs


Dated: _October 28_____, 2020    QUINN EMANUEL URQUHART &
                                  SULLIVAN, LLP

By: _____
                                        Shon Morgan

                                  Attorneys for Sequoia Defendants


Dated: _____, 2020    JONES DAY

By: _____
                                        Stephen D. Hibbard

                                  Attorneys for TCV Defendants


41

Approved as to Form:

Dated: _____, 2020          KELLY GUZZO, PLC

                                           By: _____
                                                        Andrew J. Guzzo

                                           Attorneys for Plaintiffs


Dated: _____, 2020          CONSUMER LITIGATION ASSOCIATES,
                                           P.C.

                                           By: _____
                                                        Leonard A. Bennett

                                           Attorneys for Plaintiffs


Dated: _____, 2020          TYCKO & ZAVAREERI, LLP

                                           By: _____
                                                        Anna Haac

                                           Attorneys for Plaintiffs


Dated: _____, 2020          QUINN EMANUEL URQUHART &
                                           SULLIVAN, LLP

                                           By: _____
                                                        Shon Morgan

                                           Attorneys for Sequoia Defendants


Dated: ___October 29_____, 2020         JONES DAY

                                           By: _____
                                                        Stephen D. Hibbard

                                           Attorneys for TCV Defendants


41

Dated:  _____November 11_____ , 2020          O'HAGAN MEYER

By: _____
          Charles K. Seyfarth

Attorneys for National Credit Adjusters, LLC