# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DARLENE GIBBS, *et al., on behalf of themselves*
*and all others similarly situated,*

                    Plaintiffs,

      v.                            Civil Action No: 3:19-cv-789 (MHL)

TCV V, L.P., *et al.,*

                    Defendants.

## DECLARATION OF RSM US LLP
## IN CONNECTION WITH NOTICE DISSEMINATION

Ritesh Patel, pursuant to 28 U. S. C. § 1746, hereby declares and states as follows:

1.      I am an employee of RSM US LLP ("RSM") which was appointed to aid in giving notice to potential Class Members and I was principally responsible for overseeing the dissemination of Class Notices ("Notices") to members of the Class.

2.      Pursuant to the Court's Order ("Order") dated December 9, 2020, the Court approved the form and content of the Class Notice to Settlement Class Members.  A class action was conditionally certified on behalf of the following class of plaintiffs:

> *All persons within the United States to whom Great Plains has lent money; all persons within the United States to whom Plain Green lent money prior to June 1, 2016; and all persons within the United States to whom MobiLoans lent money prior to May 6, 2017.*

3.      RSM, as Settlement Administrator of the *Gibbs, et al. v. Plain Green, LLC, et al.*, 3:17-cv-00495-MHL matter, has kept and maintained a Class List of Class Members who met the criteria provided above. A total of 1,841,618 loans were found to meet this criteria.  We identified and combined multiple records per class member by social security number. The results of this effort yielded a total of 1,031,852 individual class members.

### Emailing of the Notice

4.      RSM arranged for the transmission of an Email notice ("Exhibit A") to 789,863 Class Members for which we had a valid email address on December 18, 2020.

5.      The email deployment resulted in a total of 36,645 undeliverable email notices.  Mailed notices were subsequently sent to the mailing address of these Class Members.

**Mailing of the Notice**

6.     Notices ("Exhibit B"), were mailed to 241,989 Class Members for whom we did not have a valid email address.  These notices were mailed via US First Class Mail on December 18, 2020. Prior to mailing, all 241,989 records were processed through the U.S. Postal Service National Change of Address database.

7.     Notices ("Exhibit B"), were also mailed to 36,645 Class Members who were initially sent an email notice on December 18, 2020, but whose notices could not be successfully delivered.  These notices were mailed via U.S. First Class Mail on January 5, 2021.

**Undeliverable Notices**

8.     As of February 23, 2021, we have received 23,742 Notices returned by the U.S. Postal Service as undeliverable without a forwarding address.

9.     In an effort to locate updated addresses for those Notices that were returned without a forwarding address on or before February 15, 2021, we used the search firm TLOxp, a TransUnion address search service. We were able to locate 22,916 new addresses and Notices were re-mailed to these class members.  826 original notices were returned after February 15, 2021 or an updated address could not be located.  3,825 of the re-mailed Notices were subsequently returned undeliverable and no additional search procedures were performed.

10.    We also received 744 Notices from the U.S. Postal Service that were returned with a forwarding address and they were promptly re-mailed.

11.    In summary, the total number of Notices that were presumed to be successfully delivered as follows:

Total Original Mailing List:                                                                                          <u>1,031,852</u>
-------------------------------------------------------------------------------------------------------------------------------

Email Notice:
    Deployment:     December 18, 2020        789,863
    Undelivered:                                   <u>(36,645)</u>

    Total Emails presumed delivered:                                    753,218

Mail Notice:
    Original Mailing: December 18, 2020      241,989
    Undeliverable Emails: January 5, 2021     <u>36,645</u>       278,634

    Less:
    Undeliverable Notices:
        Updated address not located:      (    826)
        Re-mailed notices:                ( 3,825)
                                                              ( <u>4,651</u>)

    Total Mail Notices presumed delivered:                              <u>273,983</u>

Total Notices presumed delivered:                                    1,027,201       99.5%

**Websites**

12.     Pursuant to the Order, on December 18, 2020, the settlement website, www.thinkfinancesettlement.com was updated with information concerning the Gibbs v. TCV V, et al. settlement.  The original inception of the website occurred on July 24, 2019.  The following additional websites were updated by redirecting visitors to the settlement website:

> www.pathinkfinancesettlement.com
> www.thinkfinanceclassactionsettlement.com

The website provide Class Members with the ability to send email inquiries, determine their eligibility and also contains the following documents:

- Class Action Complaints
- Amended Class Action Complaints
- Settlement Agreements
- Motions for Preliminary Approval
- Proposed Orders Granting Preliminary Approval
- Notices of Filing Amended Documents for Preliminary Approval
- Orders Granting Preliminary Approval of Class Action Settlements
- Class Notice
- Class Notice (in Spanish)
- State Usury Rates
- Exclusion Form

The website also provides Class Members with the ability to access and download documents from the initial Think Finance Settlement and related matters including *Gibbs, et al. v. Plain Green, LLC, et al.*, 3:17-cv-00495-MHL.

On December 18, 2020, an updated Cash Award Portal was activated on the website to provide class members with the ability to login using their unique access code to determine if they are eligible to receive a Cash Award from the Settlement. As of February 23, 2021, a total of 56,245 Class Members logged into the Cash Award Portal to check their eligibility for a payment.

13.     As of February 23, 2021, the Settlement Administrator has received 3,374 email inquiries since preliminary approval was granted on December 9, 2020.

14.     As of February 23, 2021, the website has received a total of 1,931,143 unique page views since inception on July 24, 2019, inclusive of 334,483 unique page views since the updated website was made available December 18, 2020.

**Telephone Assistance Programs**

15.     Pursuant to the Order, the two dedicated toll-free phone numbers which were originally activated on July 23, 2019 in connection with the initial Think Finance Settlement and related matters including *Gibbs, et al. v. Plain Green, LLC, et al.*, 3:17-cv-00495-MHL were updated on December 18, 2020. The toll-free numbers provide callers with answers to Frequently Asked Questions and the ability to speak to a live agent.  Since the December 18, 2020 update and through February 19, 2021, we have received 5,708 calls to the toll-free phone numbers.

**Exclusion Requests**

16.     As of February 23, 2021, we have received 12 requests to be excluded from the Class of which 10 were located on the Class List and 2 were not found on the Class List.  A list of Class Members who timely excluded themselves is attached ("Exhibit C").

**Objections**

17.     As of February 23, 2021, we have received 4 objections.   A list of Class Members who objected is attached ("Exhibit D").

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was executed on February 24, 2021.

Ritesh Patel

# Exhibit A

| From: | Think Finance Settlement [questions@thinkfinancesettlement.com] |
| To: | [CLASS MEMBER] |
| Subject: | Legal Notice to Great Plains Lending, Plain Green or MobiLoans Customers |
| Date: | Friday, December 18, 2020 11:14:26 AM |

**Your Access Code:**          **[CODE]**                                                                          **1**

**Your Contact Information:**     **[NAME]**
                                                **[ADDRESS]**
                                                **[CITY], [STATE] [ZIP]**

**If your address has changed, please visit www.ThinkFinanceSettlement.com to update your address.**

## If You Obtained a Loan or Line of Credit from Great Plains Lending, Plain Green, or MobiLoans You Could Get Additional Debt Cancellation and a Cash Payment from a Settlement.

*A federal court ordered this notice. This is not a solicitation from a lawyer.*

- Read this Notice. It states your rights and provides you with information regarding a proposed settlement of two nationwide Class Actions ("Settlement") against Kenneth Rees and companies known as Sequoia, TCV, and National Credit Adjusters ("Defendants") relating to loans originated by Great Plains Lending LLC ("Great Plains"), Plain Green LLC ("Plain Green"), and MobiLoans LLC ("MobiLoans").

- This Notice is a summary of information about the Settlement and explains your legal rights and options because you are a member of the class of borrowers who will be affected if the Settlement is approved by the Court. The Settlement includes anyone who took out a Great Plains loan, who took out a Plain Green loan prior to June 1, 2016, and/or who took out a cash advance on a MobiLoans line of credit prior to May 6, 2017.

- This is the second Settlement and Notice relating to a series of lawsuits alleging that Plain Green and Great Plains loans and MobiLoans lines of credit did not comply with various state and federal laws because they were made at annual interest rates greater than what is permitted by state law or the lenders did not have a license to lend when one was required. Defendants deny all allegations in these lawsuits. The first settlement ("Think Finance Settlement") was finally approved in 2019 by the U.S. District Court for the Eastern District of Virginia in *Gibbs, et al. v. Plain Green, LLC, et al.*, Case No. 3:17-cv-495; and the Bankruptcy Court for the Northern District of Texas in *In re Think Finance, LLC*, Case No. 17-33964 ("Think Finance Bankruptcy").

- The Pennsylvania Attorney General ("PA AG") filed its own lawsuit on behalf of the Commonwealth of Pennsylvania and state consumers ("Pennsylvania Case") against Rees and National Credit Adjusters, LLC ("NCA") and also asserted similar allegations regarding loans made to Pennsylvania consumers by First Bank of Delaware ("FBD"), which no longer operates.

- The complete terms of the proposed Settlement are available at the Settlement website, **www.ThinkFinanceSettlement.com**. You may also obtain further information about the Settlement at the following toll-free telephone number: 1-877-830-7932.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | You will remain a member of the Settlement Class and may be eligible for benefits, including cash payments. You will give up rights to ever sue the Defendants and others about the legal claims that are in the lawsuits. |
| **EXCLUDE YOURSELF** | You can opt out of the Settlement and you will not be eligible for any benefits, including any cash payments. This is the only option that allows you to keep any rights you have to bring, or to become part of, another lawsuit involving the claims being settled. There is no guarantee that another lawsuit would be successful or would lead to a larger or better recovery than this Settlement. |
| **OBJECT TO THE SETTLEMENT** | If you do not exclude yourself, you may write to the Court about why you don't like the Settlement or why the Court should not approve it. |

## 1. WHY IS THERE A NOTICE?

This Notice is about a proposed nationwide Settlement in two Class Action cases: *Gibbs v. Rees*, Case No. 3:20-cv-717 (E.D. Va.) and *Gibbs v. TCV V, LP*, Case No. 3:19-cv-789 (E.D. Va.). The Settlement will be considered and must be approved by the United States District Court for the Eastern District of Virginia in Richmond, Virginia.

The anticipated distribution from the *Rees* Settlement is part of the resolution of *Commonwealth v. Think Finance, Inc.*, Case No. 2:14-cv-07139 in the United States District Court for the Eastern District of Pennsylvania.

## 2. WHAT ARE THESE LAWSUITS ABOUT?

The claims involved in the Settlement arise out of loans and lines of credit made in the name of three companies that are owned by Native American Indian Tribes: Great Plains, Plain Green, and MobiLoans. Services were provided to the Native American Indian Tribes by several companies known collectively as Think Finance, in which Defendant Rees was, for a time, the CEO and Defendants TCV and Sequoia had ownership interests. Defendant NCA purchased and collected or sought to collect on certain loans that were originated by the Native American Indian Tribes and/or serviced by Think Finance. The terms "loan" and "loans" refer to both installment loans and cash advances on lines of credit.

The Plaintiffs in the lawsuits covered by the Settlement allege that Defendants violated federal and various state laws by being involved in and/or supporting the making, servicing, and collecting of loans with annual interest rates in excess of the amount allowed by state law and without required state licenses. Defendants vigorously deny these allegations and any wrongdoing.

Important case documents may be accessed at the Settlement website, **www.ThinkFinanceSettlement.com**.

## 3. WHY IS THIS A CLASS ACTION?

In a class action or proceeding, one or more people, called class representatives, bring an action on behalf of people who have similar claims. All of the people who have claims similar to the class representatives are class members, except for those individuals who exclude themselves from the class. Here, Plaintiffs filed suit against Defendants on behalf of themselves and similarly situated consumer borrowers.

## 4. HOW DO I KNOW IF I AM INCLUDED IN THE SETTLEMENT?

You are a member of the Settlement Class and would be affected by the Settlement if you obtained:

- A loan(s) from Great Plains Lending,
- A loan(s) from Plain Green prior to June 1, 2016,
- A cash advance prior to May 6, 2017 pursuant to a line of credit from MobiLoans.

If you received this Notice, we believe you are a member of the Settlement Class and you will be a Settlement Class Member unless you exclude yourself.

## 5. WHAT DOES THE SETTLEMENT PROVIDE AND HOW MUCH WILL MY PAYMENT BE?

The Defendants have agreed to provide the following benefits and others more fully described at the Settlement website, **www.ThinkFinanceSettlement.com**.

These benefits are in addition to all benefits from the first Think Finance Settlement:

a. **Cancellation of Debt:** In addition to the previous cancellation of debt in the first Think Finance Settlement, any loan purchased by NCA from Great Plains, Plain Green (prior to June 1, 2016), and MobiLoans (prior to May 6, 2017) will be cancelled. For those loans, NCA will stop all direct or indirect collection activity and will not further assign, sell, or transfer any loans. Additionally, NCA will not report any debt where the original creditor was Great Plains, Plain Green and MobiLoans to any consumer reporting agency. If such debt has been reported to a credit reporting agency, NCA will request that the reporting be withdrawn.

b. **Cash Payments:** A $57,355,063.35 fund will be created from contributions by Defendants to provide additional cash payments to some Class Members.

If the Settlement receives the Court's approval, and if you are entitled to any payment, a check for your portion will be mailed to you automatically provided you cashed your check from the first Think Finance Settlement. **If you were entitled to payment from the first Think Finance Settlement, but did not cash your check, you will not be issued a cash payment for this Settlement unless you submit a request for payment to the Settlement Administrator.** You can go online to **www.ThinkFinanceSettlement.com** or call 1-877-830-7932 to make this request.

The amount of your check will depend on what you paid in principal and/or what you paid in interest above your state's legal limits, as well as the amount of money available in the settlement fund. The list of the rates by state used in this Settlement is available on the Settlement website, **www.ThinkFinanceSettlement.com** . You will only get a proportionate share of the recovery (because the total in settlement funds available likely will be insufficient to pay everyone the full amount paid on their loan). You may also go to the website to determine whether you would receive a payment, and you can contact the Settlement Administrator, using the contact information below, to obtain an estimate of the amount you likely would receive if the settlement is approved.

The Settlement Administrator will mail the check to the same address as this Notice, so please update your address if you move. You can go online to **www.ThinkFinanceSettlement.com** to update your address.

You will **not** receive a cash payment, but will receive other benefits if you:

- Did not make any payments on your Great Plains Lending, Plain Green, or MobiLoans loan; or
- Lived in Arizona, Arkansas, Colorado, Connecticut, Idaho, Illinois, Indiana, Kansas, Kentucky, Massachusetts, Minnesota, Montana, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Pennsylvania, Ohio, South Dakota, Vermont, Virginia, and Wisconsin and did not make payments above the principal on your loan; or
- Lived in Alabama, Alaska, California, Delaware, Florida, Georgia, Hawaii, Iowa, Louisiana, Maine, Maryland, Michigan, Mississippi, Missouri, Nebraska, North Dakota, Oklahoma, Oregon, Rhode Island, South Carolina, Tennessee, Texas, Washington, West Virginia, Washington D.C., and Wyoming, and did not pay interest above your state's legal limits;
- Lived in Utah or Nevada (which had no interest restrictions); or
- Did not cash your check from the first Think Finance Settlement and do not affirmatively submit a request for payment to the Settlement Administrator.

c. **Payments Made to National Credit Adjusters:** If you made a payment on or after April 17, 2019 to Defendant NCA on any covered loan or covered line of credit, NCA has agreed to work with Class Counsel to pay to you any amount you paid over your state's interest rate cap. You have 90 days after the Settlement is approved by the Court to contact Class Counsel to obtain any payment you are entitled. You can email class counsel at classcounsel@ThinkFinanceSettlement.com.

d. **Future Recoveries:** It is possible that you will also receive additional cash payments and/or benefits as a result of future lawsuits or claims being pursued by a Litigation Trustee as part of the Think Finance Bankruptcy or against other non-settling defendants in other lawsuits.

## 6. WHAT DO I HAVE TO DO TO RECEIVE MY PAYMENT?

Nothing, provided you cashed your check sent as a result of the first Think Finance Settlement. ***If you are entitled to a cash payment and cashed your check from the first Think Finance Settlement***, the Settlement Administrator will mail you a check automatically approximately 60 days after the Court grants final approval to the Settlement and any appeals are resolved. ***If you are entitled to a cash payment and DID NOT cash your check from the first Think Finance Settlement***, you must affirmatively request payment from the Settlement Administrator in order to receive any cash payment to which you are entitled. You can go online to **www.ThinkFinanceSettlement.com** or call 1-877-830-7932 to make this request.

The Settlement Administrator will mail the check to the same address as this Notice, so please update your address if you move. You can contact the Settlement Administrator at the telephone number or address below if your address has changed or you can go online to **www.ThinkFinanceSettlement.com** to update your address.

For information about whether you will qualify for a cash payment, go to **www.ThinkFinanceSettlement.com** or call 1-877-830-7932.

If you are seeking a payment for amounts you paid over your state's interest rate cap to Defendant NCA on or after April 17, 2019, you must contact Class Counsel to request such payment no later than 90 days after the Settlement is approved by the Court. You can email class counsel at classcounsel@ThinkFinanceSettlement.com.

## 7. WHAT AM I GIVING UP TO GET A BENEFIT AND STAY IN THE SETTLEMENT CLASS?

Unless you exclude yourself, you are a member of the Settlement Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against or recover any additional monies from the Released Parties concerning the claims relating to

your Great Plains, Plain Green, or MobiLoans loan(s).  The Released Parties include: (1) Kenneth Rees, Jeanne Margaret Gulner, Kenneth Earl Rees Family Investments, Ltd., and Jeanne Margaret Gulner Family Investments, Ltd. ("Rees Defendants"), (2) Sequoia Capital Operations, LLC; Sequoia Capital Franchise Partners, L.P.; Sequoia Capital IX, L.P.; Sequoia Capital Growth Fund III, L.P.; Sequoia Capital Entrepreneurs Annex Fund, L.P.; Sequoia Capital Growth III Principals Fund, LLC; Sequoia Capital Franchise Fund, L.P.; SCFF Management, LLC; SC IX.I Management, LLC; SCGF III Management, LLC; and Sequoia Capital Growth Partners III, L.P. ("Sequoia"  or "Sequoia Defendants"); (3) TCV V, L.P.; TCV Member Fund L.P.; and Technology Crossover Management V, LLC ("TCV" or "TCV Defendants"); and (4) National Credit Adjusters, LLC ("NCA"). However, if you made a payment to Defendant NCA on or after April 17, 2019, you *will not* release any individual claim you have against NCA for actual damages, unless you receive a payment for amounts paid to NCA over your state's interest rate cap from NCA.

Staying in the Class will also mean that you release all claims against the Released Parties arising out of or relating in any way to your Great Plains, Plain Green, or MobiLoans loan(s), regardless of whether such claim is known or unknown, asserted or as yet un-asserted.  Staying in the Class also means that any Court orders pertaining to the Settlement will apply to you and legally bind you.

The Settlement provides that Plaintiffs' claims will be resolved with no further litigation against those Defendants who are part of the Settlement. Those Defendants, and certain related companies and individuals, will be released from all further liability related to the loans within the scope of the Settlement, or related conduct.

The complete Release and list of Released Parties can be found in the Settlement Agreement, which is available on the Settlement website at **www.ThinkFinanceSettlement.com**.

## 8. HOW DO I EXCLUDE MYSELF FROM THE SETTLEMENT?

To be excluded from the Settlement, you must send an "Exclusion Request" by mail. You may download a form to use from the Settlement website or you may send your own letter which must include:

- Your name, address, and telephone number,
- The name of the case(s) you wish to be excluded from: *Gibbs v. Rees*, Case No. 3:20-cv-717 (E.D. Va.) or *Gibbs v. TCV V, LP*, Case No. 3:19-cv-789 (E.D. Va.),
- A statement that you want to be excluded: "I request to be excluded from the class settlement in this case," and
- Your Signature.

Your Exclusion Request must be **postmarked** no later than February 12, 2021, to:
Think Finance Settlement
c/o Settlement Administrator
P.O. Box 1387
Blue Bell, PA 19422

## 9. HOW DO I TELL THE COURT THAT I OBJECT TO AND DO NOT LIKE THE SETTLEMENT?

Objecting to the Settlement is different than Excluding yourself from the Settlement.

If you are a Settlement Class Member and you do not exclude yourself from the Settlement, you can object to the Settlement if you think the Settlement is not fair, reasonable, or adequate, and that the Court should not approve the Settlement.  You also have the right to appear personally and be heard by the Judge.  The Court and Class Counsel will consider your views carefully.

To object, you must send a letter stating your views to each of the parties listed below:

| **COURT** | **SETTLEMENT ADMINISTRATOR** |
|---|---|
| Clerk of the Court | Think Finance Settlement |
| United States District Court | c/o Settlement Administrator |
| Eastern District of Virginia | P.O. Box 1387 |
| 701 E. Broad St. | Blue Bell, PA 19422 |
| Richmond, VA 23219 | |

You should include the docket number on the front of the envelope and letter you file to the Court for the Settlement you intend to object to: "FOR THE *Gibbs v. Rees*, Case No. 3:20-cv-717 (E.D. Va.) or *Gibbs v. TCV V, LP*, Case No. 3:19-cv-789 (E.D. Va.)."

All objections must include:

- Your name, address, telephone number, and e-mail address,
- The name of your counsel (if any), including any former or current counsel who may seek compensation for any reason related to the objection,
- Your account number (if you know it) with the Tribal Lender,
- A sentence explaining the basis on which you claim to be a Settlement Class Member,
- Factual basis and legal grounds for the objection to the Settlement, and
- If you or your counsel want to appear personally at the hearings, you must state that in your Objection.

**Objections must be filed with the above Court and served to the addresses above so that they are postmarked no later than February 12, 2021.**

### 10. WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

The Court will hold a final fairness hearing to decide whether to approve the Settlement(s) on March 25, 2021 at 1:00 p.m. and 2:00 p.m. in the courtroom of Judge Hannah M. Lauck of the United States District Court for the Eastern District of Virginia, 701 E. Broad St., Richmond, VA 23219.  At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.

If there are objections or comments, the Court will consider them at that time.  The hearing may be moved to a different date or time without additional notice.  Please check **www.ThinkFinanceSettlement.com** or call 1-877-830-7932 to be kept up-to-date on the date, time, and location of the hearing.

### 11. DO I HAVE TO COME TO THE HEARING?

No.  But you are welcome to come at your own expense.  As long as you mailed your written objection on time, the Court will consider it.  You may also retain a lawyer to appear on your behalf at your own expense.

### 12. DO I HAVE A LAWYER IN THE CASE?

Yes.  The Court has appointed the following law firms as Class Counsel to represent you and all other members of the Settlement Class:

| Kristi C. Kelly<br>Andrew J. Guzzo<br>Kelly Guzzo, PLC<br>3925 Chain Bridge Road, Suite 202<br>Fairfax, VA 22030 | Leonard A. Bennett<br>Consumer Litigation Associates, P.C.<br>763 J. Clyde Morris Blvd., Suite 1A<br>Newport News, VA 23601 | Anna C. Haac<br>Tycko & Zavareei, LLP<br>1828 L Street, NW, Suite 1000<br>Washington, DC 20036 |
|---|---|---|

These lawyers will not separately charge you for their work on the case.  If you want to be represented by your own lawyer, you may hire one at your own expense.

### 13. HOW WILL THE LAWYERS BE PAID?

Class Counsel will ask the Court in the Eastern District of Virginia case for an award of attorneys' fees not to exceed one third of the amount paid by Rees Defendants, Sequoia Defendants, TCV Defendants, and NCA.  The amounts awarded by the Court will reduce the distributions to Class Members.

Class Counsel will also ask the Court to approve a $7,500 payment for 27 of the individual Plaintiffs in litigation subject to this Settlement.  The Plaintiffs made substantial contributions in the prosecution of these lawsuits for the benefit of the Class.  The Court will ultimately decide how much Class Counsel and individual Plaintiffs will be paid.

Class Counsel will file their request for service awards, attorneys' fees and costs no later than February 26, 2021.  Any objections to this request should be filed in the Court as indicated above in Section 9, no later than March 10, 2021.

The Settlement contains a number of detailed provisions for the allocation of the fund, including amounts to be paid for attorneys' fees.  The details for fund distribution are set forth in the settlement documents available on the website at **www.ThinkFinanceSettlement.com**.

### 14. HOW DO I GET MORE INFORMATION?

This Notice summarizes the proposed Settlement. You can get a copy of the Settlement Agreement and other relevant case-related documents by visiting **www.ThinkFinanceSettlement.com**, by calling the Settlement Administrator at 1-877-830-7932, or by contacting Class Counsel at the addresses above or by email to classcounsel@ThinkFinanceSettlement.com.

**PLEASE DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE CLERK OF THE COURT, THE JUDGE, THE DEFENDANTS OR THE DEFENDANTS' COUNSEL. THEY ARE NOT PERMITTED TO ANSWER YOUR QUESTIONS.**

**Click here to unsubscribe from future emails regarding the Think Finance Settlement.**

# Exhibit B

Think Finance Settlement
c/o Settlement Administrator
P.O. Box 1387
Blue Bell, PA 19422

«Name»
«Address1»
«Address2»
«City», «State»  «Zip»
«country»



NUMERIC EQUIVALENT

## IMPORTANT! DO NOT DISCARD

### Your Access Code:  «CODE»

For information about whether you will qualify for a cash payment, go to **www.ThinkFinanceSettlement.com**.

**If you are entitled to a cash payment,** the Settlement Administrator will mail you a check automatically after the Court grants final approval to the Settlement. The Settlement Administrator will mail the check to the same address as this Notice, so please update your address online if you move.

## If You Obtained a Loan or Line of Credit from
## Great Plains Lending, Plain Green, or MobiLoans
## You Could Get Additional Debt Cancellation and
## a Cash Payment from a Settlement.

*A federal court ordered this notice.  This is not a solicitation from a lawyer.*

- Read this Notice.  It states your rights and provides you with information regarding a proposed settlement of two nationwide Class Actions ("Settlement") against Kenneth Rees and companies known as Sequoia, TCV, and National Credit Adjusters ("Defendants") relating to loans originated by Great Plains Lending LLC ("Great Plains"), Plain Green LLC ("Plain Green"), and MobiLoans LLC ("MobiLoans").

- This Notice is a summary of information about the Settlement and explains your legal rights and options because you are a member of the class of borrowers who will be affected if the Settlement is approved by the Court. The Settlement includes anyone who took out a Great Plains loan, who took out a Plain Green loan prior to June 1, 2016, and/or who took a cash advance on a MobiLoans line of credit prior to May 6, 2017.

- This is the second Settlement and Notice relating to a series of lawsuits alleging that Plain Green and Great Plains loans and MobiLoans lines of credit did not comply with various state and federal laws because they were made at annual interest rates greater than what is permitted by state law or the lenders did not have a license to lend when one was required. Defendants deny all allegations in these lawsuits. The first settlement ("Think Finance Settlement") was finally approved in 2019 by the U.S. District Court for the Eastern District of Virginia in *Gibbs, et al. v. Plain Green, LLC, et al.*, Case No. 3:17-cv-495; and the Bankruptcy Court for the Northern District of Texas in *In re Think Finance, LLC*, Case No. 17-33964 ("Think Finance Bankruptcy").

- The Pennsylvania Attorney General ("PA AG") filed its own lawsuit on behalf of the Commonwealth of Pennsylvania and state consumers ("Pennsylvania Case") against Rees and National Credit Adjusters, LLC ("NCA") and also asserted similar allegations regarding loans made to Pennsylvania consumers by First Bank of Delaware ("FBD"), which no longer operates.

- The complete terms of the proposed Settlement are available at the Settlement website, **www.ThinkFinanceSettlement.com**. You may also obtain further information about the Settlement at the following toll-free telephone number: 1-877-830-7932.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | You will remain a member of the Settlement Class and may be eligible for benefits, including cash payments.  You will give up rights to ever sue the Defendants and others about the legal claims that are in the lawsuits. |
| **EXCLUDE YOURSELF** | You can opt out of the Settlement and you will not be eligible for any benefits, including any cash payments.  This is the only option that allows you to keep any rights you have to bring, or to become part of, another lawsuit involving the claims being settled.  There is no guarantee that another lawsuit would be successful or would lead to a larger or better recovery than this Settlement. |
| **OBJECT TO THE SETTLEMENT** | If you do not exclude yourself, you may write to the Court about why you don't like the Settlement or why the Court should not approve it. |

### 1.  WHY IS THERE A NOTICE?

This Notice is about a proposed nationwide Settlement in two Class Action cases:  *Gibbs v. Rees*, Case No. 3:20-cv-717 (E.D. Va.) and *Gibbs v. TCV V, LP*, Case No. 3:19-cv-789 (E.D. Va.). The Settlement will be considered and must be approved by the United States District Court for the Eastern District of Virginia in Richmond, Virginia.

The anticipated distribution from the *Rees* Settlement is part of the resolution of *Commonwealth v. Think Finance, Inc.*, Case No. 2:14-cv-07139 in the United States District Court for the Eastern District of Pennsylvania.

1

## 2. WHAT ARE THESE LAWSUITS ABOUT?

The claims involved in the Settlement arise out of loans and lines of credit made in the name of three companies that are owned by Native American Indian Tribes: Great Plains, Plain Green, and MobiLoans. Services were provided to the Native American Indian Tribes by several companies known collectively as Think Finance, in which Defendant Rees was, for a time, the CEO and Defendants TCV and Sequoia had ownership interests. Defendant NCA purchased and collected or sought to collect on certain loans that were originated by the Native American Indian Tribes and/or serviced by Think Finance. The terms "loan" and "loans" refer to both installment loans and cash advances on lines of credit.

The Plaintiffs in the lawsuits covered by the Settlement allege that Defendants violated federal and various state laws by being involved in and/or supporting the making, servicing, and collecting of loans with annual interest rates in excess of the amount allowed by state law and without required state licenses. Defendants vigorously deny these allegations and any wrongdoing.

Important case documents may be accessed at the Settlement website, **www.ThinkFinanceSettlement.com**.

## 3. WHY IS THIS A CLASS ACTION?

In a class action or proceeding, one or more people, called class representatives, bring an action on behalf of people who have similar claims. All of the people who have claims similar to the class representatives are class members, except for those individuals who exclude themselves from the class. Here, Plaintiffs filed suit against Defendants on behalf of themselves and similarly situated consumer borrowers.

## 4. HOW DO I KNOW IF I AM INCLUDED IN THE SETTLEMENT?

You are a member of the Settlement Class and would be affected by the Settlement if you obtained:

- A loan(s) from Great Plains Lending,
- A loan(s) from Plain Green prior to June 1, 2016,
- A cash advance prior to May 6, 2017 pursuant to a line of credit from MobiLoans.

If you received this Notice, we believe you are a member of the Settlement Class and you will be a Settlement Class Member unless you exclude yourself.

## 5. WHAT DOES THE SETTLEMENT PROVIDE AND HOW MUCH WILL MY PAYMENT BE?

The Defendants have agreed to provide the following benefits and others more fully described at the Settlement website, **www.ThinkFinanceSettlement.com**.

These benefits are in addition to all benefits from the first Think Finance Settlement:

a. **Cancellation of Debt:** In addition to the previous cancellation of debt in the first Think Finance Settlement, any loan purchased by NCA from Great Plains, Plain Green (prior to June 1, 2016), and MobiLoans (prior to May 6, 2017) will be cancelled. For those loans, NCA will stop all direct or indirect collection activity and will not further assign, sell, or transfer any loans. Additionally, NCA will not report any debt where the original creditor was Great Plains, Plain Green and MobiLoans to any consumer reporting agency. If such debt has been reported to a credit reporting agency, NCA will request that the reporting be withdrawn.

b. **Cash Payments:** A $57,355,063.35 fund will be created from contributions by Defendants to provide additional cash payments to some Class Members.

If the Settlement receives the Court's approval, and if you are entitled to any payment, a check for your portion will be mailed to you automatically provided you cashed your check from the first Think Finance Settlement. **If you were entitled to payment from the first Think Finance Settlement, but did not cash your check, you will not be issued a cash payment for this Settlement unless you submit a request for payment to the Settlement Administrator.** You can go online to **www.ThinkFinanceSettlement.com** or call 1-877-830-7932 to make this request.

The amount of your check will depend on what you paid in principal and/or what you paid in interest above your state's legal limits, as well as the amount of money available in the settlement fund. The list of the rates by state used in this Settlement is available on the Settlement website, **www.ThinkFinanceSettlement.com**. You will only get a proportionate share of the recovery (because the total in settlement funds available likely will be insufficient to pay everyone the full amount paid on their loan). You may also go to the website to determine whether you would receive a payment, and you can contact the Settlement Administrator, using the contact information below, to obtain an estimate of the amount you likely would receive if the settlement is approved.

2

The Settlement Administrator will mail the check to the same address as this Notice, so please update your address if you move. You can go online to **www.ThinkFinanceSettlement.com** to update your address.

You will **not** receive a cash payment, but will receive other benefits if you:

- Did not make any payments on your Great Plains Lending, Plain Green, or MobiLoans loan; or

- Lived in Arizona, Arkansas, Colorado, Connecticut, Idaho, Illinois, Indiana, Kansas, Kentucky, Massachusetts, Minnesota, Montana, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Pennsylvania, Ohio, South Dakota, Vermont, Virginia, and Wisconsin and did not make payments above the principal on your loan; or

- Lived in Alabama, Alaska, California, Delaware, Florida, Georgia, Hawaii, Iowa, Louisiana, Maine, Maryland, Michigan, Mississippi, Missouri, Nebraska, North Dakota, Oklahoma, Oregon, Rhode Island, South Carolina, Tennessee, Texas, Washington, West Virginia, Washington D.C., and Wyoming, and did not pay interest above your state's legal limits;

- Lived in Utah or Nevada (which had no interest restrictions); or

- Did not cash your check from the first Think Finance Settlement and do not affirmatively submit a request for payment to the Settlement Administrator.

c. **Payments Made to National Credit Adjusters:** If you made a payment on or after April 17, 2019 to Defendant NCA on any covered loan or covered line of credit, NCA has agreed to work with Class Counsel to pay to you any amount you paid over your state's interest rate cap. You have 90 days after the Settlement is approved by the Court to contact Class Counsel to obtain any payment you are entitled. You can email class counsel at classcounsel@ThinkFinanceSettlement.com.

d. **Future Recoveries:** It is possible that you will also receive additional cash payments and/or benefits as a result of future lawsuits or claims being pursued by a Litigation Trustee as part of the Think Finance Bankruptcy or against other non-settling defendants in other lawsuits.

### 6. WHAT DO I HAVE TO DO TO RECEIVE MY PAYMENT?

Nothing, provided you cashed your check sent as a result of the first Think Finance Settlement. *If you are entitled to a cash payment and cashed your check from the first Think Finance Settlement*, the Settlement Administrator will mail you a check automatically approximately 60 days after the Court grants final approval to the Settlement and any appeals are resolved. *If you are entitled to a cash payment and DID NOT cash your check from the first Think Finance Settlement*, you must affirmatively request payment from the Settlement Administrator in order to receive any cash payment to which you are entitled. You can go online to **www.ThinkFinanceSettlement.com** or call 1-877-830-7932 to make this request.

The Settlement Administrator will mail the check to the same address as this Notice, so please update your address if you move. You can contact the Settlement Administrator at the telephone number or address below if your address has changed or you can go online to **www.ThinkFinanceSettlement.com** to update your address.

For information about whether you will qualify for a cash payment, go to **www.ThinkFinanceSettlement.com** or call 1-877-830-7932.

If you are seeking a payment for amounts you paid over your state's interest rate cap to Defendant NCA on or after April 17, 2019, you must contact Class Counsel to request such payment no later than 90 days after the Settlement is approved by the Court. You can email class counsel at classcounsel@ThinkFinanceSettlement.com.

### 7. WHAT AM I GIVING UP TO GET A BENEFIT AND STAY IN THE SETTLEMENT CLASS?

Unless you exclude yourself, you are a member of the Settlement Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against or recover any additional monies from the Released Parties concerning the claims relating to your Great Plains, Plain Green, or MobiLoans loan(s). The Released Parties include: (1) Kenneth Rees, Jeanne Margaret Gulner, Kenneth Earl Rees Family Investments, Ltd., and Jeanne Margaret Gulner Family Investments, Ltd. ("Rees Defendants"), (2) Sequoia Capital Operations, LLC; Sequoia Capital Franchise Partners, L.P.; Sequoia Capital IX, L.P.; Sequoia Capital Growth Fund III, L.P.; Sequoia Capital Entrepreneurs Annex Fund, L.P.; Sequoia Capital Growth III Principals Fund, LLC; Sequoia Capital Franchise Fund, L.P.; SCFF Management, LLC; SC IX.I Management, LLC; SCGF III Management, LLC; and Sequoia Capital Growth Partners III, L.P. ("Sequoia" or "Sequoia Defendants"); (3) TCV V, L.P.; TCV Member Fund L.P.; and Technology Crossover Management V, LLC ("TCV" or "TCV Defendants"); and (4) National Credit Adjusters, LLC ("NCA"). However, if you made a payment to Defendant NCA on or after April 17, 2019, you *will not* release any individual claim you have against NCA for actual damages, unless you receive a payment for amounts paid to NCA over your state's interest rate cap from NCA.

Staying in the Class will also mean that you release all claims against the Released Parties arising out of or relating in any way to your Great Plains, Plain Green, or MobiLoans loan(s), regardless of whether such claim is known or unknown, asserted or as yet un-asserted.  Staying in the Class also means that any Court orders pertaining to the Settlement will apply to you and legally bind you.

The Settlement provides that Plaintiffs' claims will be resolved with no further litigation against those Defendants who are part of the Settlement. Those Defendants, and certain related companies and individuals, will be released from all further liability related to the loans within the scope of the Settlement, or related conduct.

The complete Release and list of Released Parties can be found in the Settlement Agreement, which is available on the Settlement website at **www.ThinkFinanceSettlement.com**.

### 8.  HOW DO I EXCLUDE MYSELF FROM THE SETTLEMENT?

To be excluded from the Settlement, you must send an "Exclusion Request" by mail.  You may download a form to use from the Settlement website or you may send your own letter which must include:

- Your name, address, and telephone number,
- The name of the case(s) you wish to be excluded from: *Gibbs v. Rees*, Case No. 3:20-cv-717 (E.D. Va.) or *Gibbs v. TCV V, LP*, Case No. 3:19-cv-789 (E.D. Va.),
- A statement that you want to be excluded: "I request to be excluded from the class settlement in this case," and
- Your Signature.

Your Exclusion Request must be **postmarked** no later than February 12, 2021, to:

Think Finance Settlement
c/o Settlement Administrator
P.O. Box 1387
Blue Bell, PA 19422

### 9.  HOW DO I TELL THE COURT THAT I OBJECT TO AND DO NOT LIKE THE SETTLEMENT?

Objecting to the Settlement is different than Excluding yourself from the Settlement.

If you are a Settlement Class Member and you do not exclude yourself from the Settlement, you can object to the Settlement if you think the Settlement is not fair, reasonable, or adequate, and that the Court should not approve the Settlement.  You also have the right to appear personally and be heard by the Judge.  The Court and Class Counsel will consider your views carefully.

To object, you must send a letter stating your views to each of the parties listed below:

| **COURT** | **SETTLEMENT ADMINISTRATOR** |
|---|---|
| Clerk of the Court | Think Finance Settlement |
| United States District Court | c/o Settlement Administrator |
| Eastern District of Virginia | P.O. Box 1387 |
| 701 E. Broad St. | Blue Bell, PA 19422 |
| Richmond, VA 23219 | |

You should include the docket number on the front of the envelope and letter you file to the Court for the Settlement you intend to object to: "FOR THE *Gibbs v. Rees*, Case No. 3:20-cv-717 (E.D. Va.) or *Gibbs v. TCV V, LP*, Case No. 3:19-cv-789 (E.D. Va.)".

All objections must include:

- Your name, address, telephone number, and e-mail address,
- The name of your counsel (if any), including any former or current counsel who may seek compensation for any reason related to the objection,
- Your account number (if you know it) with the Tribal Lender,
- A sentence explaining the basis on which you claim to be a Settlement Class Member,
- Factual basis and legal grounds for the objection to the Settlement, and
- If you or your counsel want to appear personally at the hearings, you must state that in your Objection.

**Objections must be filed with the above Court and served to the addresses above so that they are postmarked no later than February 12, 2021.**

**10.   WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**

The Court will hold a final fairness hearing to decide whether to approve the Settlement(s) on March 25, 2021 at 1:00 p.m. and 2:00 p.m. in the courtroom of Judge Hannah M. Lauck of the United States District Court for the Eastern District of Virginia, 701 E. Broad St., Richmond, VA 23219.  At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.

If there are objections or comments, the Court will consider them at that time.  The hearing may be moved to a different date or time without additional notice.  Please check **www.ThinkFinanceSettlement.com** or call 1-877-830-7932 to be kept up-to-date on the date, time, and location of the hearing.

**11.   DO I HAVE TO COME TO THE HEARING?**

No.  But you are welcome to come at your own expense.  As long as you mailed your written objection on time, the Court will consider it.  You may also retain a lawyer to appear on your behalf at your own expense.

**12.   DO I HAVE A LAWYER IN THE CASE?**

Yes.  The Court has appointed the following law firms as Class Counsel to represent you and all other members of the Settlement Class:

| Kristi C. Kelly | Leonard A. Bennett | Anna C. Haac |
|---|---|---|
| Andrew J. Guzzo | Consumer Litigation Associates, P.C. | Tycko & Zavareei, LLP |
| Kelly Guzzo, PLC | 763 J. Clyde Morris Blvd., Suite 1A | 1828 L Street, NW, Suite 1000 |
| 3925 Chain Bridge Road, Suite 202 | Newport News, VA 23601 | Washington, DC 20036 |
| Fairfax, VA 22030 | | |

These lawyers will not separately charge you for their work on the case.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**13.   HOW WILL THE LAWYERS BE PAID?**

Class Counsel will ask the Court in the Eastern District of Virginia case for an award of attorneys' fees not to exceed one third of the amount paid by Rees Defendants, Sequoia Defendants, TCV Defendants, and NCA.  The amounts awarded by the Court will reduce the distributions to Class Members.

Class Counsel will also ask the Court to approve a $7,500 payment for 27 of the individual Plaintiffs in litigation subject to this Settlement.  The Plaintiffs made substantial contributions in the prosecution of these lawsuits for the benefit of the Class.  The Court will ultimately decide how much Class Counsel and individual Plaintiffs will be paid.

Class Counsel will file their request for service awards, attorneys' fees and costs no later than February 26, 2021. Any objections to this request should be filed in the Court as indicated above in Section 9, no later than March 10, 2021.

The Settlement contains a number of detailed provisions for the allocation of the fund, including amounts to be paid for attorneys' fees.  The details for fund distribution are set forth in the settlement documents available on the website at **www.ThinkFinanceSettlement.com**.

**14.   HOW DO I GET MORE INFORMATION?**

This Notice summarizes the proposed Settlement. You can get a copy of the Settlement Agreement and other relevant case-related documents by visiting **www.ThinkFinanceSettlement.com**, by calling the Settlement Administrator at 1-877-830-7932, or by contacting Class Counsel at the addresses above or by email to classcounsel@ThinkFinanceSettlement.com.

**PLEASE DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE CLERK OF THE COURT, THE JUDGE, THE DEFENDANTS OR THE DEFENDANTS' COUNSEL. THEY ARE NOT PERMITTED TO ANSWER YOUR QUESTIONS.**

THIS PAGE INTENTIONALLY LEFT BLANK

# Exhibit C

Exhibit C



## Final Exclusion List (10 Class Members and 2 Unknown Individuals)

| Last Name | First Name | Access Code | # of Loans |
|---|---|---|---|
| BARRETT | DONNA | THK-9B9EC3FAF | 1 Loan |
| DANIEL | DORIS | THK-B5AA62D44 | 1 Loan |
| DUNN | AMI NICHOLE | EXT-B4DCA54F7 | 1 Loan |
| GERTSCH | MARILYN | THK-EFDAFC38E | 1 Loan |
| HANSEN | EUGENE G | THK-C637D3EB3 | 1 Loan |
| JONES | CHRISTOPHER | THK-A3C4AFDB3 | 1 Loan |
| KEMP | DONEESE | THK-A3C99FEB4 | 3 Loans |
| MILLS | PEARL | THK-9A96F9D8B | 1 Loan |
| MORELLI | MIA | THK-F552F2A3E | 1 Loan |
| ROSARIO | GERALDO | THK-A53DCF64E | 1 Loan |
| BUTTRAM | MELL Q | * | |
| FITZPATRICK | BRIDGETT | * | |

* Unable to locate this person on the Class List.

# Exhibit D

*Gibbs v. TCV V*



## Gibbs v. TCV V - Objection List (4 Class Members)

| Last Name | First Name | Access Code | # of Loans |
|-----------|------------|-------------|------------|
| Given | Angela | THK-E5A594EDF | 4 Loans |
| Gingras (Kinne) | Jessica | THK-E7D4CB537 | 4 Loans |
| McAtee | Lilya J. | THK-88B2CA2EE | 2 Loans |
| Miller | Beverly Kristina | THK-9C26E4EB8 | 4 Loans |