IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DARLENE GIBBS,** *et al., on behalf*
*of themselves and all others similarly*
*situated,*

    **Plaintiffs,**

**v.**             **Civil Action No. 3:19cv789**

**TCV V, L.P.,** *et al.,*

    **Defendants.**

## ORDER

   Plaintiffs Darlene Gibbs, Stephanie Edwards, Lula Williams, Patrick Inscho, Tamara Price, Sherry Blackburn, George Hengle, Kimetra Brice, Earl Browne, Jill Novorot, Alicia Patterson, Sharon Burney, Regina Nolte, Lawrence Mwethuku, Ronald Ivey, Jessica Lewis, Lorene Nelson, Sharon Gorie, and Timothy Underwood ("Plaintiffs"), for themselves and the Settlement Class Members, have submitted to the Court a Motion for Final Approval of the Class Action Settlement ("Final Approval Motion"), (ECF No. 65).

   This Court has reviewed the papers filed in support of the Final Approval Motion, including the Settlement Agreement filed with Plaintiffs' Preliminary Approval Motion, the memoranda and arguments submitted on behalf of the Settlement Class, and all supporting exhibits and declarations thereto, as well as the Court's Preliminary Approval Order. The Court held a Final Fairness Hearing on March 25, 2021, at which time the Parties and other interested persons were given an opportunity to be heard in support of and in opposition to the proposed settlement. Based on the papers filed with the Court and the presentations made at the Final Fairness Hearing, the Court finds that the Settlement Agreement is fair, adequate, and reasonable. Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

1.      This Final Approval Order incorporates herein and makes a part hereof the Settlement Agreement and the Preliminary Approval Order.  Unless otherwise provided herein, the capitalized terms used herein shall have the same meanings and/or definitions given to them in the Preliminary Approval Order and Settlement Agreement.

2.      This Court has jurisdiction over matters relating to the Settlement, including, without limitation, the administration, interpretation, effectuation and/or enforcement of the Settlement, the Settlement Agreement, and this Final Order and Judgment.

## CERTIFICATION OF THE SETTLEMENT CLASS AND
## APPOINTMENT OF CLASS COUNSEL AND CLASS REPRESENTATIVES

3.      In the Preliminary Approval Order, this Court previously certified, for settlement purposes only, a Settlement Class defined as follows:

> All persons within the United States to whom Great Plains has lent money; all persons within the United States to whom Plain Green lent money prior to June 1, 2016; and all persons within the United States to whom MobiLoans lent money prior to May 6, 2017.

4.      Certification of the Settlement Class is hereby reaffirmed as a final Settlement Class pursuant to Fed. R. Civ. P. 23.  For the reasons set forth in the Preliminary Approval Order, this Court finds, on the record before it, that the Action, for purposes of this Settlement, may be maintained as a class action on behalf of the Settlement Class.

5.      In the Preliminary Approval Order, this Court previously appointed the above-identified Plaintiffs Darlene Gibbs, Stephanie Edwards, Lula Williams, Patrick Inscho, Tamara Price, Sherry Blackburn, George Hengle, Kimetra Brice, Earl Browne, Jill Novorot, Alicia Patterson, Sharon Burney, Regina Nolte, Lawrence Mwethuku, Ronald Ivey, Jessica Lewis, Lorene Nelson, Sharon Gorie and Timothy Underwood as Class Representatives and hereby

2

reaffirms that appointment, finding, on the record before it, that the Class Representatives have and continue to adequately represent Settlement Class Members.

6.     In the Preliminary Approval Order, this Court previously appointed the law firms of Kelly Guzzo, PLC, Consumer Litigation Associates, P.C., and Tycko & Zavareei, LLP, as Class Counsel for settlement purposes only and hereby reaffirms that appointment, finding, on the record before it, that Class Counsel have and continue to adequately and fairly represent Settlement Class Members.

## CLASS NOTICE

7.     The record shows, and the Court finds, that Class Notice has been given to the Settlement Class in the manner approved by the Court in its Preliminary Approval Order.  The Court finds that such Class Notice constitutes: (i) the best notice practicable to the Settlement Class under the circumstances; (ii) notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and the terms of the Settlement Agreement, their rights to exclude themselves from the Settlement or to object to any part of the Settlement, their rights to appear at the Final Fairness Hearing (either on their own or through counsel hired at their own expense), and the binding effect of the Final Order and Judgment, whether favorable or unfavorable, on all persons who do not exclude themselves from the Settlement Class; (iii) due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) notice that fully satisfies the requirements of the United States Constitution (including the Due Process Clause), Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e)(1), and any other applicable law.

8.     Due and adequate notice of the proceedings having been given to the Settlement Class and a full opportunity having been offered to Settlement Class Members to participate in the

Final Fairness Hearing, it is hereby determined that all Settlement Class Members, except those who timely opted out, as identified in Exhibit A to this Final Approval Order, are bound by this Final Approval Order and Judgment.  No Settlement Class Members, other than those listed in Exhibit A, are excluded from the Settlement Class, from the terms of the Settlement Agreement, or from the effect of this Final Approval Order and Judgment.

## FINAL APPROVAL OF THE SETTLEMENT AGREEMENT

9.      Pursuant to Fed. R. Civ. P. 23(e), the Court hereby finally approves in all respects the Settlement as set forth in the Settlement Agreement and finds that the Settlement, the Settlement Agreement, the benefits to the Settlement Class Members, and all other parts of the Settlement are, in all respects, fair, reasonable, and adequate, and in the best interest of the Settlement Class, within a range that responsible and experienced attorneys could accept considering all relevant risks and factors and the relative merits of Plaintiffs' claims and any defenses of the Defendants, and are in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause, and the Class Action Fairness Act. Accordingly, the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement, with each Settlement Class Member bound by the Settlement Agreement, including any releases therein.

10.      Specifically, the Court finds that the Settlement is fair, reasonable, and adequate given the following factors, among other things:

a.      The Action was complex and time consuming and would have continued to be so if the Parties had not settled;

b.      Class Counsel had a well-informed appreciation of the strengths and weaknesses of the Action while negotiating the Settlement;

4

          c.      The monetary relief provided for by the Settlement is well within the range of reasonableness in light of the best possible recovery and the risks the Parties would have faced if the case had continued to verdicts as to jurisdiction, liability, and damages;

          d.      The Settlement was the result of arm's-length good faith negotiations and exchange of information by experienced counsel;

          e.      The reaction of the class to the Settlement has been positive, with only ten consumers timely requesting to opt out and no objections to the Settlement.[1]

11.     Accordingly, the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

## PAYMENT OF MONETARY CONSIDERATION AND INJUNCTIVE RELIEF TO THE CLASS

12.     The Court approves the Parties' plan to distribute the Cash Awards provided for by the Settlement Agreement to Settlement Class Members as set forth in the Settlement Agreement (which shall control in the event of any alleged inconsistency with this Final Approval Order):

          a.      The Defendants will pay $50,050,000.00 for distribution to the Class Members according to the tiered formula in the Settlement Agreement.

          b.      Defendant National Credit Adjusters will cancel (as disputed debt) all outstanding Great Plains, Plain Green, and MobiLoans debt, and has stopped collecting these debts as part of the Settlement on September 17, 2020.

13.     The relief provided by the Settlement is significant.  All consumers will receive a financial benefit in the form of a cash payment and the cancellation of approximately $383,000,000.00 of consumer debt.  Additionally, the Settlement creates a process in which

---

[1] Any prior filings made by the *Gingras* Plaintiffs have been withdrawn. *See* (ECF No. 92).

consumers who paid National Credit Adjusters after April 16, 2019 may receive additional refunds based on their respective state usury statutes. Class Counsel will help recover these payments for this subclass of class members ("Payment Class Members").   These benefits are not included in the Settlement's valuation, but constitute real consideration for Settlement Class Members, who may get a refund based on the amount of usurious interest paid.

## DISMISSAL OF CLAIMS AND RELEASES

14.     This Court hereby dismisses with prejudice on the merits and without costs or attorneys' fees (except as otherwise provided in the Agreement) the above-captioned action (subject to retention of jurisdiction to enforce the Agreement and the Settlement).

15.     Pursuant to the Settlement Agreement, as of the Effective Date of this Settlement and upon payment of all Monetary Consideration set forth in the Settlement Agreement, the following releases shall be effective:

a.     <u>Sequoia Released Parties</u>. Upon the Effective Date, each Named Plaintiff and each Settlement Class Member, on behalf of themselves and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns, shall be deemed to have, and by operation of the Judgment shall have, fully released and forever discharged Sequoia Defendants and each of their parents, subsidiaries, controlling entities, related entities, administrators, predecessors-in-interest, successors, and reorganized successors, and each of the former's current and former members (including, but not limited to, member funds), directors, officers, trustees, shareholders, employees, partners, contractors, joint-venturers, representatives, assigns, agents, lenders, investors, insurers, and attorneys, from any and all rights, duties, obligations, actions, causes of action, liabilities or claims, whether arising

6

under local, state, tribal or federal law (including, without limitation, under any consumer protection or unfair and deceptive practices laws), whether by constitution, statute, contract, common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, including, without limitation, those that arise out of or relate in any way to any or all of the claims, causes of action, acts, omissions, facts, matters, transactions, or occurrences that were or could have been directly or indirectly alleged, described, set forth, referred to, or asserted in the Actions, as well as any claims each Settlement Class Member has or ever had against any of the Sequoia Released Parties.  "Sequoia Released Parties" shall not include Elevate Credit, Inc., or any of its current and former directors, officers, employees, lenders, shareholders (with the exception of the Sequoia Defendants), investors (with the exception of the Sequoia Defendants), and attorneys, including for any conduct that occurred after May 1, 2014. Provided, however, that this exclusion for current and former directors of Elevate shall not include Saundra Schrock, who shall be included as one of the "Sequoia Released Parties," including but not limited to in her capacity as an Elevate director.  "Sequoia Released Parties" shall not include any defendant currently named in any of the Actions that is not specifically defined as a Sequoia Defendant.

b.      TCV Released Parties. Upon the Effective Date, each Named Plaintiff and each Settlement Class Member, on behalf of themselves and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns, shall be deemed to have, and by operation of the Judgment shall have, fully released and forever discharged TCV Defendants and each of their parents, subsidiaries, controlling entities, related entities, administrators,

predecessors-in-interest, successors, and reorganized successors, and each of the former's current and former members (including, but not limited to, member funds), current and former directors, officers, trustees, shareholders, employees, partners, contractors, joint-venturers, representatives, assigns, agents, lenders, investors, insurers, and attorneys, from any and all rights, duties, obligations, actions, causes of action, liabilities or claims, whether arising under local, state, tribal or federal law (including, without limitation, under any consumer protection or unfair and deceptive practices laws), whether by constitution, statute, contract, common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, including, without limitation, those that arise out of or relate in any way to any or all of the claims, causes of action, acts, omissions, facts, matters, transactions, or occurrences that were or could have been directly or indirectly alleged, described, set forth, referred to, or asserted in the Actions, as well as any claims each Settlement Class Member has or ever had against any of the TCV Released Parties. "TCV Released Parties" shall not include Elevate Credit, Inc., or any of its current and former directors, officers, employees, lenders, shareholders (with the exception of the TCV Defendants), investors (with the exception of the TCV Defendants), and attorneys, including for any conduct that occurred after May 1, 2014. Provided, however, that this exclusion for current and former directors of Elevate shall not include John Rosenberg, who shall be included as one of the "TCV Released Parties," including but not limited to in his capacity as an Elevate director.  "TCV Released Parties" shall not include any defendant currently named in any of the Actions that is not specifically defined as a TCV Defendant.

c.   NCA Released Parties. Upon the Effective Date, each Named Plaintiff, each Settlement Class Member for whom NCA cancels his or her debt pursuant to Section 3.4(a)(i) of the Settlement Agreement, and each Payment Class Member who obtains and accepts a payment pursuant to Section 3.4(a)(iii) of the Settlement Agreement, on behalf of themselves and their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in interest, and assigns, shall be deemed to have, and by operation of the Judgment shall have, fully released and forever discharged NCA and each of its parents, subsidiaries, controlling entities, related entities, administrators, predecessors-in-interest, successors, and reorganized successors, and each of the former's current and former members (including, but not limited to, member funds), directors, officers, trustees, shareholders, employees, partners, contractors, joint-venturers, representatives, assigns, agents, lenders, investors, insurers, reinsurers, and attorneys (the "NCA Released Parties") from any and all rights, duties, obligations, actions, causes of action, liabilities or claims, whether arising under local, state, tribal or federal law (including, without limitation, under any consumer protection or unfair and deceptive practices laws), whether by constitution, statute, contract, common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, including, without limitation, those that arise out of or relate in any way to any or all of the claims, causes of action, acts, omissions, facts, matters, transactions, or occurrences that were or could have been directly or indirectly alleged, described, set forth, referred to, or asserted in the Actions, as well as any claims each Settlement Class Member has or ever had against any of the NCA Released Parties. NCA Released Parties shall not include any named defendant in any of the Actions

9

other than NCA.

      d.    Upon the Effective Date, each Payment Class Member for whom NCA cancels his or her debt pursuant to Section 3.4(a)(i) of the Settlement Agreement, and who is eligible to request a payment from NCA pursuant to Section 3.4(a)(iii) of the Settlement Agreement, shall be deemed to have, and by operation of the Judgment shall have, waived his or her rights to bring a claim for statutory damages, class action, collective action, or mass action against any of the NCA Released Parties, but will not hereby release any individual claim against any of the NCA Released Parties for actual damages.  Each such Payment Class Member shall also maintain the right to request and obtain a payment as provided in Section 3.4(a)(iii) of the Settlement Agreement, and if the Payment Class Member accepts any payment pursuant to Section 3.4(a)(iii), that Payment Class Member will provide the same release of the NCA Released Parties as provided at Section 4.1(c) of the Settlement Agreement.

      e.    Without limiting the foregoing, the claims released above as to the Sequoia Released Parties, the TCV Released Parties and the NCA Released Parties specifically include claims that the Named Plaintiffs and Settlement Class Members (or any of them) do not know or suspect to exist in their favor at the time that the Settlement, and the releases contained in the Settlement Agreement, becomes effective. The Named Plaintiffs acknowledge that they each have read, understand, and waive, on behalf of themselves and the Settlement Class Members, all rights and benefits of Section 1542 of the California Civil Code (or any other statute or legal doctrine limiting the effectiveness of releases), which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE

10

CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Named Plaintiffs have acknowledged, and the Settlement Class Members shall be deemed to understand and acknowledge, the significance of this waiver of California Civil Code Section 1542 and any other applicable law relating to limitations on releases. In connection with such waiver and relinquishment, Named Plaintiffs have acknowledged on behalf of themselves and the Settlement Class Members that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally and forever all Released Claims, and in furtherance of such intention, the release of the Released Claims shall remain in effect notwithstanding the discovery or existence of any such additional or different facts.

## AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS

16.     At the conclusion of a successful class action, class counsel may apply to a court for an award of attorneys' fees. *See* Fed. R. Civ. P. 23(h). Pursuant to the Settlement Agreement Class Counsel may request reasonable attorneys' fees and reimbursement of costs to be paid from the Monetary Consideration, provided that the total amount of such request does not exceed one-third of the Monetary Consideration provided under the Settlement Agreement.

17.     Because this is a common-fund case, it is appropriate to employ a percentage of the fund method for calculating a proper fee award. When a representative party confers a substantial benefit upon a class, counsel is entitled to attorneys' fees based on the benefit obtained. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). *See, e.g., Milbourne v. JRK Residential America,*

*LLC*, No. 3:12cv861 (ED. Va. Jan. 4, 2017); *Mayfield v. Memberstrust Credit Union*, 3:07cv506 (E.D. Va. Nov. 7, 2008); *Conley v. First Tennessee*, 1:10cv1247 (E.D. Va. Aug. 18, 2011); *Lengrand v. Wellpoint*, No. 3:11cv333 (E.D. Va. Nov. 13, 2012).

18.     No Class Member or Government entity has objected to Class Counsel's request. The *Gingras* Plaintiffs withdrew any filings that could have been considered objections to Class Counsel's request. (ECF No. 92)

19.     The Court, having reviewed the declarations, exhibits, and points and authorities submitted in support of and opposition to Class Counsel's request for attorneys' fees and reimbursement of costs, approves the award of attorneys' fees and reimbursement of costs to Class Counsel in the amount of $11,677,165.50 ("Fee and Expense Award"). The Court finds that the Fee and Expense Award is reasonable and appropriate under all of the circumstances presented.

20.     The Settlement Agreement also provides that Plaintiffs may request a Service Award to be paid from the Monetary Consideration, provided such awards do not exceed $7,500.00 to each Class Representative.

21.     Courts routinely grant service awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of class action litigation. *See, e.g.*, *Manuel v. Wells Fargo Bank*, No. 3:14cv238, 2016 WL 1070819, at *6 (E.D. Va. Mar. 15, 2016) (explaining that service awards are "intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general"). Here, the Court finds that the requested Service Awards are reasonable and within the range of awards granted by courts in this and other circuits. *See, e.g., id.* (approving $10,000 service award); *Ryals, Jr. v. HireRight Solutions, Inc.*, No. 3:09cv625 (E.D. Va. Dec. 22, 2011) (awarding $10,000

service awards to each class representative). Moreover, these Service Awards are justified by the time and effort expended by the Class Representatives on behalf of the Settlement Class Members and the risk each assumed in bringing this action. Accordingly, the Court finds that Class Representatives George Hengle, Tamara Price, Sherry Blackburn, Sharon Burney, Regina Nolte, Ronald Ivey, Jessica Lewis, Lorene Nelson, Timothy Underwood, and Sharon Gorie[2] shall be awarded $7,500.00 each for their efforts, totaling $75,000.00.

22.     The Court further notes that the amount of requested attorneys' fees and reimbursement of costs and the dollar amount of the requested Service Awards was included in the notice materials disseminated to the Settlement Class.

23.     The award of attorneys' fees and costs and Service Awards shall be paid by the Defendants from the Monetary Consideration no earlier than the Effective Date and no later than fourteen (14) days of the Effective Date.

### OTHER PROVISIONS

24.     The Court has jurisdiction to enter this Final Order and Final Judgment. Without in any way affecting the finality of this Final Order or the Final Judgment, this Court expressly retains exclusive and continuing jurisdiction over the Settlement and the Settlement Agreement, including all matters relating to the administration, consummation, validity, enforcement, and interpretation of the Settlement Agreement or the Final Order and Judgment, including, without limitation, for the purpose of:

a.     enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise

---

[2] The remaining Plaintiffs are also Plaintiffs in *Rees,* and will receive a Service Award in that matter.

out of the Settlement Agreement, the Final Order, or the Final Judgment (including, whether a person or entity is or is not a Settlement Class Member);

         b.      entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate the Final Order, the Final Judgment, or the Settlement Agreement, or to ensure the fair and orderly administration of the Settlement; and

         c.      entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction over the Settlement Agreement, the Final Order, or the Final Judgment.

25.    Without affecting the finality of this Final Order or the Final Judgment, the Defendants, each Settlement Class Member, and the Class Administrator hereby irrevocably submit to the exclusive jurisdiction of the Court for the limited purpose of any suit, action, proceeding, or dispute arising out of the Settlement Agreement or the applicability of the Settlement Agreement, including any suit, action, proceeding, or dispute relating to the Release provisions herein. The Rees Defendants further make a limited waiver of their claims to sovereign immunity from suit for the limited purpose of enforcing this Settlement Agreement.

26.    The Parties are hereby directed to carry out their obligations under the Settlement Agreement.

27.    Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement. Likewise, the Parties may, without further order of the Court or notice to the Settlement Class, agree to and adopt such amendments to the Settlement Agreement (including exhibits) as are consistent with this Final Approval Order and that do not limit the rights of Settlement Class Members under the Settlement Agreement.

28.     In the event that the Settlement becomes null and void, certification of the Settlement Class shall be automatically vacated and this Final Approval Order and Judgment, as well as all other orders entered and releases delivered in connection with the Settlement Agreement, shall be vacated and shall become null and void, shall be of no further force and effect, and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Settlement Agreement had never been executed.

29.     This Final Approval Order and Judgment is final for purposes of appeal and may be appealed immediately, and the Clerk is hereby directed to enter judgment thereon and THIS CAUSE IS ENDED.

It is SO ORDERED.

/s/

M. Hannah Lauck
United States District Judge

_____

Hon. M. Hannah Lauck
United States District Court Judge

Date: 3/29/21
Richmond, Virginia

15